# Conway *v.* Clark, *et al.*

*Ejectment and Assumpsit.*

(Decided February 8, 1912.  Rehearing denied May 1, 1912.
58 South. 441.)

1. *Appeal and Error; Record; Disclosing Ruling.*—Where the record did not disclose any ruling of the trial court upon demurrer filed to the complaint for an alleged misjoinder, such misjoinder cannot be reviewed on appeal.

2. *Infants; Action; Guardian Ad Litem.*—Where a decree is entered in chancery against an infant either upon confession or hearing without the appointment of a guardian ad litem as required by rules 20 and 23, Ch. Ct. Pr., such judgment is irregular, and will be set aside on review.

3. *Same; Collateral Attack.*—Where a decree was entered against a minor upon jurisdiction acquired by proper service on the minor and her guardian as required by rule 20, the decree was not void but voidable, because of a failure of the minor to be represented by a guardian ad litem, and hence, the decree was not open to collateral attack.

4. *Trial; Objection to Evidence; Sufficiency.*—Where the objection did not designate under which count the evidence was inadmissible, but merely that it was inadmissible under one of the two counts of the complaint, it was properly overruled.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Action by Mrs. W. F. Conway, as guardian of Docie Carpenter, against T. E. Clark and others in ejectment and assumpsit. From a judgment for defendants, plaintiff appeals. Affirmed.

See, also, 55 South. 117.

It appears that plaintiff offered in evidence a mortgage executed by the defendant on October 15, 1907, to secure two notes aggregating $188.12. The mortgage was given to secure the price of the lands sued for and the notes which were made the basis of the second count in assumpsit. Plaintiff offered the notes and mortgages which were past due when the suit was brought, and also evidence as to a reasonable attorney's fee as provided in the notes and mortgage. The defendants introduced a bill in chancery filed by them against Mrs. Conway as an individual, and against Docie Carpenter, and summons showing an execution by leaving a copy with Mrs. Conway and Docie Carpenter. The bill sought to have the mortgage, given by these defendants to Docie Carpenter, set aside and annulled because procured by fraud, but no effort was made to have the notes canceled. It does not appear from the file that a guardian was appointed for the minor Carpenter or that any answer was filed, and it does not appear whether any evidence was taken or not, but it appears that a decree pro confesso was taken, and on that decree a final judgment was rendered declaring that the respondents had no interest in or title to or incumbrance upon the lands involved. The respondents were Mrs. Conway and Docie Carpenter. The defendants objected to the introduction of this chancery file.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. There is no authorized practice in Alabama for a decree pro

[Conway v. Clark, et al.]

confesso against a minor and any such proceeding is void.—*Daly v. Reid,* 74 Ala. 415. Res judicata only operates as an estoppel, and estoppel must be specially pleaded.—16 Cyc. 6$8; 10 Enc. P. & P. 13; *Bank v. Leland,* 122 Ala. 289; *Jones v. Peebles,* 130 Ala. 564.

R. G. ROWLAND, for appellee. The decree was voidable and not void, and hence, not open to collateral attack, but merely subject to correction on review, and such judgments are admissible against the whole world as evidence.—*Taylor v. Means,* 73 Ala. 468; *Lehman v. Glenn,* 87 Ala. 618.

ANDERSON, J.—This complaint contains a count in ejectment as well as counts in assumpsit, and whether or not such actions can be joined, we are not called upon to determine, for the reason that, while the demurrer was for misjoinder, the record fails to disclose a ruling upon same.

Rules 20 and 23, Code of 1907, pp. 1533-1535, provide for the appointment of a guardian ad litem for a minor who is sued in chancery, and a decree rendered against said minor either pro confesso or upon the hearing in violation of the rule is irregular and will be reversed upon appeal.—*Griffith v. Ventress,* 91 Ala. 366, 8 South. 312, 11 L. R. A. 193, 24 Am. St. Rep. 918; *Woods v. Transportation Co.,* 107 Ala. 364, 18 South. 108; *Wells v. Mortgage Co.,* 109 Ala. 430, 20 South. 136; *Estes v. Bridgeport,* 114 Ala. 221, 21 South. 512. And it may be that a decree so rendered or rendered by the consent of a guardian ad litem, if one has been appointed, would be subject to a bill of review within the proper time. —*Hooper v. Hardie,* 80 Ala. 114; *Mitchel v. Hardie,* 84 Ala. 349, 4 South. 182.

The court had jurisdiction of the person, as the record shows service on the minor and her guardian as

required by rule 20 of the Code. Having thus acquired jurisdiction of the person of the infant defendant, it was the court's duty to appoint a guardian ad litem to make defense for her; but a failure to discharge this duty does not oust the court's jurisdiction, which has already attached, but to the contrary, if the case proceeds to judgment, whether upon issue joined and trial had or upon default of the defendant, such judgment, though irregular and erroneous, and to be so declared upon appeal, is not void, and is therefore not open to impeachment upon collateral attack. This is the correct rule as laid down in the case of *Levystein v. O'Brien,* 106 Ala. 352, 17 South. 550, 30 L. R. A. 707, 54 St. Rep. 56, and we see no good reason why it should not apply to decrees in equity as well as judgments at law, notwithstanding a distinction was drawn in said *Levystein Case, supra,* between it and the case of *Dailey v. Reid,* 74 Ala. 415. We may add that this *Dailey Case, supra,* is not in conflict with the present holding, as said appeal did not involve a collateral attack on a final decree, and the court did not hold that such a final decree would be void and subject to collateral attack, but merely held that a decree pro confesso against an infant was unauthorized, and such proceeding, when attempted, was simply void. The decree pro confesso may or may not be void, but, if void, this would not render the final decree void and subject to collateral attack. Here the chancery court had jurisdiction of the person, and the final decree is not only valid upon its face, but is not rendered void by other parts of the record, and is not therefore subject to collateral attack, and the trial court did not err in overruling plaintiff's objection to the introduction of same in evidence.

It is next contended by appellant's counsel that the decree and proceedings in the chancery court was a

defense by way of estoppel and was not available unless specially pleaded except as to the count in ejectment. We may concede the soundness of this contention, yet the trial court cannot be put in error for overruling appellant's objection to said evidence, as said objection did not confine the evidence to the counts under which it was not admissible.

The judgment of the county court is affirmed.

Affirmed. All the Justices concur.