# Thomas, *et al. v.* Davis.

### Bill to Cancel Deed.

(Decided June 30, 1916.   72 South. 365.)

Equity; Submission on Demurrer; Vacation; Default Decree.—Considering Local Acts 1907, p. 723, and Local Acts, Sp. Sess. 1907, p. 23, with Rule 74, Ch. Pr., it is held that where there was no consent to the submission on a demurrer during vacation period, and no observance of said rule, the decree was unauthorized, and the failure of respondent to file an amended answer within the time fixed by such decree was not a default justifying a pro confesso decree.

APPEAL from Walker Circuit Court.
Heard before Hon. J. J. CURTIS.

[Thomas, et al. v. Davis.]

Bill by Levi R. Davis against Willie Thomas and others, to cancel and annul a decree. From a judgment on demurrer entered in vacation, and a decree pro confesso, respondents appeal. Reversed and remanded.

NORMAN GUNN and J. B. POWELL, for appellant. RAY & COONER, for appellee.

McCLELLAN, J.—The bill in this cause was filed on the 17th day of November, 1913. On the 15th day of December, 1913, the respondents filed their demurrer to the bill. On that day (December 15, 1913), the circuit judge signed and filed with the register the following decretal order:

"This cause, coming on to be heard, is submitted upon demurrer to bill; being duly considered, it is the order, judgment, and decree of the court that the demurrer be, and the same is hereby overruled.

"The defendants are allowed 30 days in which to answer said bill, and the defendants are ordered to attach a copy of said paper complained of to their answer, or to deliver the same to the register of this court for the inspection of complainant's attorneys."

The respondents having failed to file an answer to the bill, a decree pro confesso was entered by the circuit judge on the 21st day of January, 1914.

By the act approved August 2, 1907 (Local Acts, 1907, pp. 723-725), equity jurisdiction was conferred upon the circuit court in the counties of Walker and Winston. It seems to have been accepted that the act mentioned effected to clothe the circuit judge, as doubtless was its purpose, with the full powers and authority exercised by the chancellor. This act provides for the call of the equity dockets of the circuit court of Walker county on the "second Monday in March and September, of each year, and may continue one week," and, further, "that the chancery cases in the said circuit courts of Walker and Winston counties may be heard and passed upon at any other time than the time mentioned whenever the said circuit court is in session." The act approved November 23, 1907, fixing the time for holding the circuit court in Walker county (Local Acts, Spec. Less. 1907, p. 23), so far as presently pertinent provides:

"Section 1. That the courts in the counties of Walker and Winston, composing the Fourteenth judicial circuit of the state

[Thomas, et al. v. Davis.]

of Alabama be held in each year as follows: 1. In the county of Walker; (1) The first term shall commence on the second Monday in January, and may continue until, but not including, the third Monday in March; (2) the second term shall commence on the second Monday in April, and may continue until, but not including, the first day of July; (3) the third term shall commence on the second Monday in October, and may continue until, and including, the second Saturday in December."

"Sec. 3. The equity docket of said circuit court in either Walker or Winston county may be called at any time fixed therefor by the judge of said court, provided the said equity docket must be called while the court is in session as above set out.

"Sec. 4. That in said counties of Walker and Winston the court may be organized at any time during the term."

According to the act last quoted, the final day, fixed by law, for the session or holding of the circuit court in Walker county in December, 1913 (unless a special or adjourned term had been ordered, which is not made to appear by this record), was the second Saturday in December, 1913. That day was December 13, 1913, a Sabbath intervening between that day and the day (December 15, 1913) on which the respondents filed their demurrer. The day on which the demurrer was filed was not a day during the term of the circuit court, nor was it a day on which the court was required to call the equity docket. It was a day within the vacation period intervening between the third and the first terms of the circuit court in Walker county. Rule 74 of chancery practice (Civil Code, pp. 150, 1551) provides for the setting down of demurrers for hearing after 10 days notice. This rule could not have been observed or availed of in this instance, since the demurrers were attempted to be submitted and decided on the day the demurrers were filed. The record does not show any consent by the demurrants to the submission on the demurrer. There being shown by the record no consent to the submission on demurrer during the vacation period and no observance of rule 74 of chancery practice, it is clear that the attempted submission on the demurrer and the decree following it were unauthorized, and were laid in error available on appeal. In consequence the respondents were not in default in failing to answer within the thirty days attempted to be fixed in the decree before quoted, and, in further consequence, the decree pro confesso was not justified. If the attack on the proceedings in this cause had been

collateral, rather than direct as by this appeal, different considerations would have intervened to affect the conclusions we have stated.—*Johnson v. Johnson*, 182 Ala. 376, 62 South. 706.

The decree appealed from is rested on error. It is reversed. The cause is remanded that the respondents' demurrer may be disposed of according to accepted practices.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.