(85 South. 282)

HUDSON v. HUDSON. (7 Div. 40.)

(Supreme Court of Alabama. Feb. 5, 1920.)

1. Divorce ⬦93(3)—Bill held to sufficiently charge cruelty.

Bill for divorce alleging cursing, striking, and choking *held* to sufficiently charge cruelty.

2. Divorce ⬦90 — Bill held to sufficiently charge discontinuance of cohabitation.

Bill for divorce, alleging complainant at a certain time ceased to live with respondent as his wife, and has in no way since condoned his treatment of her, *held* to sufficiently charge a discontinuance of marital cohabitation.

3. Divorce ⬦90—Any resumption of cohabitation matter for answer.

The bill for divorce alleging complainant ceased to live with respondent as his wife

and has in no way since condoned his treatment of her, any such resumption of cohabitation as to indicate a condonation since the alleged separation is matter of defense to be presented by answer.

4. Divorce ⬦103 — Irrelevant matter in bill not ground of demurrer.

Allegation of bill for divorce, charging cruel treatment of minor children, if irrelevant and out of place, is not ground of demurrer.

5. Divorce ⬦103—Demurrer to certain aspect of bill should not be addressed to it as a whole.

If allegations of bill for divorce, charging cruel treatment of minor children, present an appropriate issue in the case, namely, fitness of respondent to retain custody of the children, which may be adjudicated as part of the final decree, demurrer should be addressed to that aspect of the bill, and not to it as a whole.

6. Divorce ⬦91—Bill need not show place of separation.

Bill for divorce, filable, under Code 1907, § 3801, in the chancery district in which respondent resides or in that in which the separation occurred, being filed in that in which he is alleged to reside, need not show that where separation occurred.

7. Appeal and error ⬦917(1)—Presumed demurrer was not set down for hearing in vacation.

It only appearing that decree dated July 15, 1919, on demurrer filed June 28, 1919, was rendered at chambers, it will be presumed, in favor thereof, that demurrer was not set down for hearing in vacation (extending from last Saturday in June to first Monday after July 4) so as under Chancery Practice rule 74, to require 10 days' notice, but that the cause was peremptorily called at the regularly appointed time, duly submitted in open court, and held for decree in chambers.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Bill for divorce by Mary I. Hudson against W. K. Hudson. Decree for complainant, and respondent appeals. Affirmed.

Riddle & Riddle, of Talladega, and Riddle & Hardegree, of Ashland, for appellant.

Where cruelty is alleged as a ground for divorce, the bill should state with certainty time and place. 19 Ala. 307; 23 Ala. 785; 44 Ala. 435. It should also be specific in allegation of violence attended with danger. 39 South. 679. It should also state the state and county where the separation occurred. Section 3801, Code 1907. A decree on demurrers should not be granted in vacation, without giving the adverse party ten days" notice. Rule 74, Chancery Practice.

M. M. Smith, of Pell City, and R. G. Rowland, of Ashland, for appellee.

No brief reached the reporter.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SOMERVILLE, J. [1, 2] A bill for divorce on the ground of cruelty, which charges that, about two years before its filing, the respondent cursed and abused the complainant with profane words, struck her a severe blow on the head with a chair; that he frequently beat her with his hands, choked her, and threatened to kill her; that afterwards (in 1918) he again struck and choked her; that such violence was attended with danger to complainant's life or health, of which she had reasonable apprehensions if she continued to live with him; and that therefore "on or about the —— day of 1918, she ceased to live with him as his said wife, and has in no way since condoned his said treatment of her"—sufficiently charges cruelty and a discontinuance of marital cohabitation, and is not subject to demurrer in those respects.

[3] If there has been such a resumption of cohabitation as to indicate a condonation of the offenses charged, since the alleged separation, that is defensive matter which should be presented by answer.

[4] If it be conceded that the allegations of the bill charging cruel abuse of the minor children are irrelevant and out of place, it is certain that this is no ground of demurrer to the bill. Parsons v. Johnson, 84 Ala., 254, 4 South. 385.

[5] If, on the other hand, these allegations present an appropriate issue in the case, namely, the fitness vel non of respondent to retain the custody of the minor children, which may be adjudicated by the court as a part of the final decree, with or without such allegations, the apt grounds of demurrer should have been addressed to that aspect of the bill. This is not accomplished by demurring "to the complaint, and each count thereof, separately and severally," since a bill of complaint does not consist of counts, and such a demurrer, as to any specific aspect of the bill, is bad in form, and cannot be sustained.

[6] Where a bill for divorce is filed in the chancery district in which the respondent is alleged to reside, it is, of course, not necessary to show the county or district where the separation occurred. Code 1907, § 3801.

The demurrer to the bill was properly overruled, so far as its merits are concerned.

[7] It is insisted, however, that the decree should be reversed and the cause remanded for hearing upon the demurrer, because the decree on demurrer was rendered at chambers and it does not appear that respondent had notice, as required by Ch. Pr. rule 74 (Code 1907, vol. 2, p. 1550), of the time and place of the hearing.

Rule 74 provides that a demurrer may be set down by either party for hearing in vacation, upon 10 days' notice to the adverse party of the time and place thereof. This rule was framed under the old dispensation, when the terms of chancery court consisted of short periods, fixed by statute, during which causes were peremptorily called for hearing; and at all other times the court was in vacation. Under the new dispensation (Acts 1915, p. 279), the jurisdiction and powers of the chancery court are vested in the circuit court, which proceeds in equity according to the rules and principles formerly administered in the chancery court.

The terms of the several circuit courts run from the first Monday in January to the last Saturday in June, inclusive, and from the first Monday after July 4th to the last Saturday before Christmas, inclusive, and "causes on the dockets for trial shall be called peremptorily at the times fixed by law and at such other times as may be fixed by order of circuit judge." Acts 1915, pp. 707, 708. It results that circuit courts are in vacation only during the two short periods specified.

The bill of complaint in this cause was filed on May 30, 1919; respondent's demurrer was filed on June 28, 1919; and the decree at chambers overruling the demurrer was dated July 15th and filed July 16, 1919. The decree recites: "This cause coming on to be heard is submitted for decree upon demurrers of defendant," etc. It does not appear that the cause was set down "for hearing" at chambers, but only that the "decree was rendered" at chambers, and it is perfectly consistent with the record to presume that the cause was peremptorily called at the regularly appointed time therefor in Clay county, duly submitted in open court, and held for decree at chambers.

There being no special statutory provision fixing the sittings of the circuit court for Clay county, and the judge having full power to fix a time for the regular call of causes, in equity, including the period between July 7th and July 14th, inclusive, we will presume that this cause was called and submitted at a regularly appointed time therefor. Carson v. Sleigh, 201 Ala. 373, 78 South. 229.

If this was not the case, and respondent was deprived of due process of law by the arbitrary action of the trial judge, he had his appropriate remedy for redressing the wrong, otherwise than by appeal.

The case of Thomas v. Davis, 197 Ala. 37, 72 South. 365, relied upon by appellant, is clearly distinguishable, in that a decree was there rendered overruling the demurrer on the very day the demurrer was filed, which was a vacation day under the special act governing the circuit court for Walker county, on which the court could not have been lawfully in session. Hence the holding that, as the record affirmatively showed a "submission" in vacation, and the impossibility of the 10 days' notice required by rule 74,

the submission and decree were unauthorized and invalid in the absence of a showing that the respondent consented thereto.

Finding no error in the record, the decree appealed from will be affirmed.

Affirmed.

All the Justices concur.