**DOTY v. POPE. (6 Div. 90.)**

(Supreme Court of Alabama. Oct. 30, 1924.)

**1. Courts ⬳63 — Statutory provision as to calling causes on docket held to relate to call of causes for trial, not to terms of court.**

Provision of General Acts 1915, p. 707, requiring causes on docket for trial at time fixed by law or by order of circuit judge, relates to peremptory call of causes for trial, of which litigant should be notified, not to terms of court.

**2. Courts ⬳63—Every one bound to take notice of terms of circuit court.**

Every one is bound to take notice of terms of circuit court, fixed by Gen. Acts 1915, p. 707.

**3. Courts ⬳64(5) — Jurisdiction of circuit court not dependent on entry of order on minutes designating time of special session.**

In view of fact that circuit court is in session practically entire year, jurisdiction does not depend on entry of order designating time for holding special session on minutes, regardless of Code 1923, §§ 6669, 6673, 6674, 8616, et seq.

**4. Appeal and error ⬳659(6)—Not granted to show absence from minutes of order calling special session of court.**

Certiorari will not be granted to make absence of order calling special session of court from minutes more apparent, since judgment is not void on that ground.

**5. Appeal and error ⬳9—Direct appeal not proper remedy for failure of minutes of trial court to show order calling special session.**

If judgment rendered at special session, where minutes did not show order calling session, was voidable as for error, remedy was not by direct appeal.

Appeal from Circuit Court, Marion County; T. L. Sowell, Judge.

Action on common counts by John Pope against J. D. Doty. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Pennington & Pou, of Jasper, for appellant.

Appellant is entitled to a writ of certiorari to bring up a true and correct record of the case. Sup. Ct. rule 19, Code 1907, p. 1510; Judson v. Eslava, Minor, 71, 12 Am. Dec. 32; Brown v. Torver, Minor, 370; Montevallo Coal Min. Co. v. Reynolds, 44 Ala. 252; Haden v. U. S., 4 Port. 393. The court was held at a time not authorized by law. Local Acts 1907, p. 40; State v. Thurman, 205 Ala. 677, 88 So. 899; Davidson v. Rice, 201 Ala. 508, 78 So. 863.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

E. B. & K. V. Fite, of Hamilton, for appellee.

The appellant, having appeared in person and by attorney and entered upon the trial without objection, cannot be heard now to say the court was not held at a time fixed by law. Riley v. State, 209 Ala. 505, 96 So. 599; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; Hudson v. Hudson, 204 Ala. 75, 85 So. 282.

SAYRE, J. The caption of the minutes of the court rendering the judgment sought to be reviewed shows that the court was held on the second Monday in August, 1922, "which was the time fixed by proper order of the judges of the Fourteenth judicial circuit of Alabama, in accordance with the terms of the act approved September 22, 1915 (General Acts 1915, p. 707)," etc. The local law (antedating the act, supra) governing the terms of court in Marion county fixed the regular terms at times other than the second Monday in August.

[1, 2] The act provides:

"That the causes on the dockets for trial shall be called peremptorily at the times fixed by law and at such other times as may be fixed by order of circuit judge."

Terms of the circuit court run from the first Monday in January to the last Saturday in June, inclusive, and from the first Monday after July 4th to the last Saturday before Christmas, inclusive. Of that every one must take notice. That part of the act quoted above relates, not to terms of court, but to the peremptory call of causes for trial of which litigants should have notice in some way.

[3] The statute laws of the subject is incomplete. Section 6669 of the Code of 1923 requires the order designating the times for the holding of sessions for the trial of non-jury civil cases to be entered on the minutes of the court. Such an entry should be made upon the minutes of the court whenever a special session for the trial of any cause or causes is ordered, and, in view of the provisions relating to the drawing of juries, section 8616 et seq., it would seem to be necessary that such order should be made at least 20 days before the court enters upon the peremptory call of causes for trial. However, we must not be understood as holding that the jurisdiction of the court depends on such order being entered upon the minutes, for the court is in session, as above noted, practically for the entire year. In this connection, also, we note that where an adjourned or special session for the trial of any case or cases whatever is ordered by the judge on the direction of the governor, the clerk must, immediately after such order is made, mail copies of such orders to the parties or their attorneys. Sections 6673 and 6674 of the Code of 1923.

[4, 5] But nothing of this can avail appellant, whose argument is not upon the assignment of errors which, very plainly, raise no reviewable question, but upon the motion for a certiorari. The assertion is that there was no order calling a special session of the court spread upon the minutes of the court, and the purpose of the application for certiorari is merely to make the absence of such order more definitely apparent, and upon that appellant contends that the judgment was void. This we have denied. But if the judgment was voidable as for error, appellant's remedy was not by direct appeal. Hudson v. Hudson, 204 Ala. 75, 85 So. 282. In this connection, see Ex parte Gay in re Sovereign Camp v. Gay (Ala.) post, p. 5, 104 So. 898.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.