**GRAY et al. v. BANK OF MOUNDVILLE**
**et al.   (2 Div. 890.)**

(Supreme Court of Alabama.   March 18, 1926.)

1.  Judgment ⬤➾138(1)—Giving default judgment at time and place different from that set for hearing cases held not ground for canceling judgment in suit brought by third person (Laws 1915, p. 825).

Though there was no rule prescribing time and place of calling cases for default judgment, as prescribed by Laws 1915, p. 825, giving default judgment at time and place different from that set for hearing of jury and nonjury cases *held* not ground for canceling judgment in suit brought by third person, since rule prescribed in such statute is not condition precedent to rendition of default judgment.

2.  Judgment ⬤➾120—Judge held authorized to give default judgment outside court in which suit was brought; "court." (Const. 1901, § 139).

Judge *held* authorized to give default judgment outside court in which suit was brought, for, though law authorizes court, and not judge, to render judgments, "court" is frequently used as meaning judge when he is exercising judicial powers, and, under Const. 1901, § 139, judicial powers could have been vested in him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court (of Justice).]

Appeal from Circuit Court, Wilcox County; S. F. Hobbs, Judge.

Bill in equity by A. J. Gray and another against the Bank of Moundville and others. From a decree for respondents, complainants appeal.   Affirmed.

The substance of the bill of complaint, briefly stated, is as follows:

Respondent R. E. Smith was indebted to complainants in a sum evidenced by a promissory note due in February, 1921, and secured by a mortgage covering timber in Hale county and a sawmill in Wilcox county.   In March, 1920, the respondent Bank of Moundville filed suit in the circuit court of Greene county, at Eutaw, against said Smith; in October of the same year amended its complaint; and in November of the same year service of summons and complaint was had upon said Smith.   In January, 1921, the attorneys representing the Bank of Moundville, plaintiff in said suit, forwarded by mail to the clerk of the circuit court of Greene county a motion for a judgment by default against said Smith, defendant, together with an affidavit, the original notes sued on, and a form of judgment.   At that time the circuit court of Greene county was not in actual session, nor had it been opened or convened by the judge thereof or any other judge.   Neither the judge of the Seventeenth circuit (comprising Greene county) nor any other acting judge

was actually in Greene county during the month of January, 1921.   Neither the clerk of the circuit court nor the sheriff of Greene county was in Linden, Marengo county, during the time, but the clerk forwarded to Judge Jones, the judge of the Seventeenth circuit, at Linden, the motion, judgment, form, etc., which had been received by him from the attorneys for plaintiff Moundville Bank.   On January 19, 1921, said judge received said papers and signed the judgment prepared and sent to him, leaving blank the amount of costs, and returning the judgment entry to the clerk of the Greene county circuit court, with directions to fill in the amount of costs.   In January, 1920, the judge of the Seventeenth circuit had made and entered upon the minutes of the circuit court of Greene county an order fixing the times for holding said court, which was the only such order in existence in January, 1921.   No date in January, 1921, was fixed for the trial of any case in the Greene county circuit court, and under said order the suit between the Bank of Moundville and R. E. Smith was due to be called the first Monday in June, 1921.   Said Smith was, in January, 1921, and thereafter, a bona fide resident of Greene county.   He had no knowledge or notice prior to that date, nor did he in any manner agree that said suit would be called or submitted, or that any judgment of any kind would be rendered at any time other than the time his summons called him to appear or at any other place than Greene county; nor was he present in person or by attorney at the cause or the granting of the judgment by default.

It is alleged that said judgment by default is null and of no effect; that, notwithstanding its invalidity, copies thereof had been recorded in the counties of Hale and Wilcox, and, at the request of the plaintiff Bank of Moundville, an execution was issued thereon and was levied by the sheriff of Wilcox county upon the sawmill property covered by complainants' mortgage.   It is further averred that said judgment is a cloud upon complainants' title to the property covered by their mortgage; that, if they should undertake to foreclose, the property would not bring its reasonable market value by reason of said cloud; that, if complainants should attempt to sell any part of the property they would be forced into litigation with the purchasers at execution sale, and would be caused to suffer irreparable damage.   Complainants offer to do equity, and pray that the said default judgment be annulled, and that the Bank of Moundville and all persons claiming under or through it and the sheriff of Wilcox county be enjoined from enforcing, or attempting to enforce, said judgment, or from levying any execution issued thereon.

The respondents demurred to the bill; the trial court sustained demurrer and dismissed the bill; and this appeal follows.

Harwood & McQueen, of Tuscaloosa, for appellants.

As to what constitutes a valid court, see 1 Words and Phrases, Second Series, 1112; Scott v. State, 37 So. 366, 141 Ala. 44; Perkins v. Corbin, 45 Ala. 103, 6 Am. Rep. 698; Const. 1901, § 165. A judgment or trial had at a time or place not fixed by statute or rule duly adopted is an utter nullity, and the judgment obtained is absolutely void. Such a judgment will not support an appeal. Patton v. State, 49 So. 809, 160 Ala. 111; Kidd v. Burke, 38 So. 241, 142 Ala. 625; Johnson v. State, 37 So. 421, 141 Ala. 7, 109 Am. St. Rep. 17; Wightman v. Karsner, 20 Ala. 455.

Foster, Rice & Foster, of Tuscaloosa, for appellees.

The circuit court of Greene county was, on January 19, 1921, open for the transaction of any and all business or judicial proceeding of any kind. Acts 1815, p. 707 (2); Carothers v. Callahan, 93 So. 569, 207 Ala. 611. The defendant, failing to plead, answer, or demur within 30 days, default judgment was properly rendered. Acts 1915, pp. 825, 939; Carothers v. Callahan, supra. The circuit judge may sign a default judgment at any place within the circuit. Ex parte Branch, 63 Ala. 383; Johnson v. Johnson, 62 So. 706, 182 Ala. 376; Hooper v. Strahan, 71 Ala. 75; Acts 1915, p. 707. The action of the circuit judge was merely irregular, and cannot be collaterally attacked by a creditor of the judgment debtor. Acts 1915, pp. 707, 825; Carothers v. Callahan, supra; Bowden v. Perdue, 59 Ala. 409. The word "court" is frequently used as meaning the judge, when he is exercising any judicial powers conferred on him by law. State v. Baudoin, 40 So. 42, 115 La. 773; A. C. L. v. Mallard, 43 So. 755, 53 Fla. 515; Sartin v. Snell, 125 P. 47, 87 Kan. 485, Ann. Cas. 1913E, 384; Porter v. Flick, 84 N. W. 262, 60 Neb. 773.

ANDERSON, C. J. [1] This bill was filed to cancel or vacate a judgment by default rendered by the judge of the Seventeenth judicial circuit at Linden in the circuit court of Greene county. Many of the points of attack made against said judgment have been decided adversely to appellants in the recent case of Carothers v. Callahan, 93 So. 569, 207 Ala. 611. It is insisted, however, by appellants' counsel, that in said case the court had adopted a rule as authorized by the latter part of the Act of 1915, p. 825, prescribing the time and place of calling cases for judgments by default, and that said rule authorized the transmission of the paper, etc?, to one of the judges at any point in the circuit; that in the present instance there was not only no such rule, but one existed providing for the hearing of jury and nonjury cases at a place and time different from the date of and place of rendering the judgment in question. This, however, did not go to the jurisdiction or power of the judge, but was an irregularity which would have given the defendant in the judgment perhaps good grounds for a new trial as for deceit or surprise, but is not available to these complainants, who were not parties to the suit. We do not regard the latter part of the act as to a rule as mandatory, but discretionary, and not a condition precedent to the rendition of the judgment in question.

[2] It is urged that the law authorizes the court and not the judge to render judgments, and that Judge Jones was not at the time a court. The word "court" is frequently used as meaning the judge when he is exercising any judicial powers conferred on him by law. Carothers v. Callahan, 93 So. 569, 207 Ala. 611; State v. Baudoin, 40 So. 42, 115 La. 773; A. C. L. R. R. v. Mallard, 43 So. 755, 53 Fla. 515; Sartin v. Snell, 125 P. 47, 87 Kan. 485, Ann. Cas. 1913E, 384. The case of Scott v. State, 37 So. 366, 141 Ala. 39, does not hold to the contrary in all instances and under all circumstances. It merely holds that the statute there considered required the physical action of the judge in drawing the jury, a ministerial and not judicial act, and did not mean court. Moreover, this Scott Case has since been explained and to a certain extent departed from. Rogers v. State, 52 So. 33, 166 Ala. 10; Gray v. State (Ala. Sup.) 39 So. 621.

It may be that Judge Jones, when rendering the judgment at Linden, was not a court; yet, under section 139 of the Constitution, judicial power could have been vested in him, and, while there may have been no express legislative vesture of such power, the whole scheme in providing for the handling and disposition of default cases raises a necessary implication that they may be disposed of by the judge outside of the court in which the suit was brought. At least, this is the effect of the holding in Carothers v. Callahan, supra.

The circuit court did not err in sustaining the demurrer to the bill of complaint, and the decree is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.