(121 So. 397)

**HUGHES et al. v. STEPHENS, Mayor, et al.**
**(6 Div. 219.)**

Supreme Court of Alabama. March 28, 1929.

Roy Mayhall, of Haleyville, for appellees.

Thos. J. Carey and T. B. Russell, both of Haleyville, for appellants.

BROWN, J. This is a bill by property owners and taxpayers, residing within the corporate limits of the town of Haleyville, to enjoin the mayor and aldermen of the town from proceeding under certain ordinances to establish a system of sanitary sewerage, and fixing a charge against the property abutting on the streets along which such sewerage system is to be constructed, on the ground that the ordinances have not been legally adopted, and are therefore void.

The jurisdiction of a court of equity to interfere in a proper case is well settled. Board of Com'rs of City of Mobile et al. v. Moore et al., 214 Ala. 525, 108 So. 568; Walker v. City of Birmingham et al., 216 Ala. 206, 112 So. 823.

The ground of attack is that Aldermen Stewart and Cain, who participated in the proceeding of the board on the passage of these ordinances, whose votes were necessary to its valid adoption, after they were elected and inducted into office, violated the provisions of section 1891 of the Code of 1923, and, by the ipse dixit of that statute, the offices which they respectively held had been vacated, and their participation in the proceeding of the board was without the authority of law.

The term of office of aldermen of cities and towns of less than 6,000 inhabitants is fixed by the statute at two years. Code of 1923, § 1760 (since amended by Acts of 1927, p. 706).

The bill avers that said Stewart and Cain were duly elected at the general election in September, 1926, and were duly inducted into office on the first Monday in October, thereafter (Code of 1923, § 1754), "and have continuously held said office and now hold the same."

This, under the decisions here, brings these officers within the protection of section 175 of the Constitution, and the related sections, restricting the power of the Legislature to provide for their removal from office otherwise than by impeachment. Constitution 1901, §§ 173–175; Williams, Judge, v. Schwarz, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; Petree v. McMurray, 210 Ala. 639, 98 So. 782; State ex rel. Reeves v. Thompson, 211 Ala. 429, 100 So. 756.

Section 1891 is a part of article 13, c. 43 of the Code, dealing with "officers, powers, duties, removal, impeachment," etc., and, while its violation may be good grounds for impeachment, the Legislature was without

authority, by its.mere say-so, to vacate an office to which the incumbent, with a fixed term, had been elected by the qualified voters of the town.

Stewart and Cain being qualified to participate in the proceeding, it appears, from the averments of the bill, that the ordinances were passed by the vote of four out of the six members of the council, making the necessary two-thirds vote required by the statute in the face of the objection by a majority in frontage of the property owners. Acts of 1927, p. 753, § 8.

The case was specially set down for hearing on the application of the complainant for a temporary injunction under the provisions of section 8304 of the Code, the order requiring the register to give the defendants notice of the hearing. At this hearing the respondents appeared and filed demurrers to the bill. Without a submission on the demurrer, and without the complainant's consent, so far as the record' shows, the court entertained the demurrer, sustained it, and dismissed the bill. This was error for which the decree must be reversed. Walker v. City of Birmingham, supra; Thomas et al. v. Davis, 197 Ala. 37, 72 So. 365.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.