(122 So. 419)

POPE v. ALLINDER.  (6 Div. 256.)

Supreme Court of Alabama.   Jan. 24, 1929.

Rehearing Denied May 30, 1929.

McEniry & McEniry, of Bessemer, for appellant.

Goodwyn & Ross, of Bessemer, for appellee.

THOMAS, J. The record shows that appellant's bill to quiet title against the two respondents was filed August 12, 1927. There was a disclaimer of title by one respondent on August 22, 1927, and demurrers by the remaining respondent on said date. Answer and cross-bill was filed on January 17, 1928; demurrer on February 22d; note of testimony and request for submission and due application to the clerk therefor by the respondent and complainant in the cross-bill on May 5; and on August 5, 1928, there was "Note of Testimony" by the deputy clerk and register.

In this "Note of Testimony" it is duly recited:

"This cause is submitted in behalf of complainant and cross-respondent, upon the original bill of complaint, demurrer to cross bill, and decree overruling demurrers to original bill, and depositions of Emma Pope, Sam Johnson, Azzie Streeter, and Jesse Pope, together with exhibits thereto attached, and in behalf of respondent, and cross-complain-ant, upon the original answer and cross bill of respondent M. E. Allinder and disclaimer of E. M. Allinder, demurrers to original bill and decree overruling demurrers, and depositions of M. E. Allinder, Amy Smith, George Smith, J. W. Walters and E. M. Allinder and exhibits thereto attached."

There is an agreement by the respective counsel that the testimony of the witnesses be taken by "oral depositions" before the named commissioner at the place indicated, and the agreement extended to the manner of objection and reservation of exceptions. The statute did this. Acts of 1923, p. 631; Dillard v. Propst, 212 Ala. 664, 103 So. 863; D. & S. Motor Co. v. State ex rel. Perry, 212 Ala. 371, 102 So. 805. The report of that commissioner concludes with the statement that "This was all the testimony offered in this cause and *here both parties rested*," and the date was that of April, 1928. It would appear from the foregoing, and nothing to the contrary is shown, that ample time was afforded each of the parties for pleading and the introduction of evidence.

The provision of the statute (section 6639, Code) is that, when any cause "be at issue and ready for submission, the court shall receive the submission whenever it shall be presented to him." Anderson v. Steiner, 217 Ala. 85, 88, 115 So. 4, 6; Zaner v. Thrower, 203 Ala. 650, 653, 84 So. 820.

The record shows the organization of the court, that the things done in said cause were "at a regular term of the circuit court," and that the cause was regularly submitted and heard, and decree overruling demurrer was on August 31, 1927, and that on the merits was entered on September 5, 1928. Thus these orders and decrees were in term time when the court was open for the transaction of such business. Zaner v. Thrower, 203 Ala. 650, 653, 84 So. 820. The record does not show that appellant took or reserved exception to the submission of the cause on the merits, or that at any time she made due motion for further opportunity for pleading, or for the introduction of her evidence.

There was no arbitrary or unreasonable action of the court in taking the submission for the cause after ample time for preparation of the cause for final submission.

The assignment of error, that the court erred in "overruling demurrer" to the cross-bill of respondent, is not well taken. The record fails to show that the court ever had the same submitted for decision or urged for attention, and did not, in fact, enter an order overruling appellant's demurrer to the cross-bill. Since appellant's demurrer was not presented, urged, or submitted, such failure of insistence upon the same was a waiver held to apply to the demurrer not passed upon by the trial court.

The ground of demurrer, that the original bill did not rest upon a claim of ownership and the assertion thereof accompanying in support of her possession, presents no question here. The statute declares what she should have averred. Section 9906, Code; Reeder v. Cox (Ala. Sup.) 118 So. 338;[1] Davis v. Daniels, 204 Ala. 374, 85 So. 797; Burkett v. Newell, 212 Ala. 183, 101 So. 836; Kendrix v. Colyar, 143 Ala. 597, 42 So. 110. However, the ruling of the court in that respect was in appellant's behalf; as to this she has nothing to urge as error on appeal.

It is true, the evidence fixes the beginning of appellant's possession in the latter part, or in November, 1917, and the bill was filed within 10 years thereafter, or on August 12, 1927, and the answer and cross-bill filed on August 22d of the same year sets up her title and ownership of the land through and by conveyance from the surviving heirs of Peter and Ella White, the alleged common source of the title. When the evidence is carefully considered, the original complainants were mere tenants at will of the White heirs, or next of kin. Collins v. Johnson, 57 Ala. 304; Lee v. Lee, 196 Ala. 522, 72 So. 24; Harrison v. Sollie, 206 Ala, 284, 89 So. 562; Earnest v. Fite, 211 Ala. 363, 366, 100 So. 637.

The bill was not framed with the view of obtaining an award for the improvements made by appellant upon the land and shown to be a case where same were allowed. Pinckard v. Pinckard's Heirs, 23 Ala. 649, 651; Porter v. Henderson, 203 Ala. 312, 318, 82 So. 668; McDaniel v. L. & N. R. Co., 155 Ala. 556, 560, 46 So. 981. There was no offer to do equity as touching general relief. Interstate Co. v. Stocks, 124 Ala. 109, 27 So. 506. The statutory bill need not offer to do equity nor to return consideration. Sloss-Sheffield, etc., Co. v. Board of Trustees of University of Ala., 130 Ala. 403, 30 So. 433; Brasher v. Grayson, 217 Ala. 674, 117 So. 301; Reeder v. Cox (Ala. Sup.) 118 So. 338,[1] 340. The evidence shows that appellant was not to pay any rent, and she did her part by the Whites in the payment of taxes, etc. And we are of opinion that rent should not have been allowed to respondent in the cross-bill. She had paid the taxes and upkeep of the property.

The judgment is corrected by the elimination of the item of $78 allowed as rent, and as corrected is affirmed in so far as it settles the title. The costs of the appeal in this court are taxed against the appellee.

The decree of the circuit court is corrected and affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

