(136 So. 805)

## SPEAR et al. v. VIRGINIA–CAROLINA CHEMICAL CORPORATION.

### 4 Div. 562.

Supreme Court of Alabama.
June 18, 1931.

Rehearing Denied Oct. 15, 1931.

A. R. Powell and E. O. Baldwin, both of Andalusia, for appellants.

Powell, Albritton & Albritton, of Andalusia, for appellee.

BROWN, J.

On March 31, 1930, the circuit court of Covington county, by order entered on the minutes of the court, amended rule H theretofore adopted by that court to read as follows: "In all equity cases, where a demurrer is interposed to a bill of complaint, to a bill of complaint as amended, or to a cross-bill, or to a cross-bill as amended, or where exceptions are filed to answers, the Register, after said demurrers or exceptions shall have been on file for ten days, shall hand the file to the Judge and the Judge shall decree thereon."

Thereafter, on the 13th day of December, 1930, the circuit court entered an order on the minutes fixing the "Court Calendar" for the January term, 1931, designating Monday, April 27, 1931, as the time for calling cases on the equity docket.

The bill in this case was filed on the 16th day of January, 1931, and on the 18th day of February, 1931, the defendant filed a demurrer to the bill.

The decree, overruling the demurrers to the bill, from which this appeal is prosecuted, was entered March 4, 1931, and recites: "This cause is submitted under Rule H heretofore adopted by this Court, as amended on March 31, 1930, for decree upon the demurrers filed by the respondents to the bill of complaint."

It would be wholly inconsistent with the record "to presume that the cause was peremptorily called at the regular appointed time therefor" in the circuit court of Covington county, and duly submitted in open court, and held for decree in chambers, and this renders inapt Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; and Carothers v. Callahan, 207 Ala. 611, 93 So. 569.

Therefore the question to be decided is whether or not rule H, adopted by the circuit court of Covington county, is inconsistent with rule 74 of Chancery Practice, now appearing in the Code of 1923, at page 929, vol. 4, which provides: "When a plea or a demurrer is interposed to a bill, either party may set the same down for hearing *in vacation*, whether it is filed without answer, or incorporated in the answer; the hearing to be had *on ten days' notice to the adverse party of the time and place*, and the same shall be decided by the chancellor as if the hearing was had in term time," etc. (Italics supplied.)

While this rule was adopted by this court long before the merger of the chancery court with the circuit court of the state, the rules of chancery practice theretofore adopted by this court are recognized and continued in force, if not inconsistent with the statutory laws of the state (Code 1923, § 6664); and section 6683 provides that the circuit court shall exercise its equity jurisdiction and power "in the same manner and by the same procedure as is now or may be hereafter provided by law *as to pleading, procedure and practice* for courts of equity or chancery." (Italics supplied.)

The clear legislative intent manifested in the cited statutes is that Rule 74 of Chancery Practice was continued in force to be adapted to the new system, and applies, not only to the interim between terms, but to the period intervening "between calls of the docket" when the particular circuit court is not in session for disposition of business. Davidson et al. v. Rice, 201 Ala. 508, 78 So. 862.

We are therefore of opinion that rule H, adopted by the circuit court of Covington county, which undertakes to authorize a submission for decree on demurrer, without notice or consent of the parties, is inconsistent with Rule 74 of Chancery Practice, and is void. Code, § 6664; Brown v. McKnight, 216 Ala. 660, 114 So. 40.

The decree of the circuit court must therefore be reversed, and the cause remanded. Thomas et al. v. Davis, 197 Ala. 37, 72 So. 365; Walker v. City of Birmingham et al., 216 Ala. 206, 112 So. 823; Hughes et al. v. Stephens, Mayor, et al., 219 Ala. 134, 121 So. 397.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.