138 So. 289

**STUCKEY v. MURPHY.**

**4 Div. 564.**

Supreme Court of Alabama.

Dec. 3, 1931.

[1] 223 Ala. 294.

A. R. Powell, of Andalusia, for appellant.

Marcus J. Fletcher, of Andalusia, for appellee.

BROWN, J.

This appeal is from a decree of the circuit court overruling the complainant's demurrers to the defendant's statutory cross-bill.

The only question argued is that presented by the second assignment of error, "The lower court erred in taking a submission on the demurrers under rule H as amended." This same question was presented to this court in Spear et al. v. Virginia-Carolina Chemical Corp., 136 So. 805,[1] and it was there held that said rule H, adopted by the circuit court, allowing submissions for decree on demurrer without notice, was inconsistent with rule 74 of Chancery Practice, and this inconsistency rendered rule H void. Therefore, the submission taken on the demurrer without notice was an irregularity that rendered the decree appealed from erroneous, and the decree was reversed and the cause remanded.

There is no division of judgment here that the holding in the above-cited case as to the inconsistency of rule H with rule 74, but it is urged, on the authority of Hudson v. Hudson, 204 Ala. 75, 85 So. 282, Doty v. Pope, 213 Ala. 4, 101 So. 883, 884 and Gray v. Bank of Moundville, 214 Ala. 260, 107 So. 804, that appellant waived this irregularity by appealing from the decree.

The statement found in the last paragraph of the opinion in the case of Doty v. Pope, supra, which we italicize below, is relied on to sustain this contention; this we now quote: "But nothing of this can avail appellant, whose argument is not upon the assignment of errors which, very plainly, raise no reviewable question, but upon the motion for a certiorari. The assertion is that there was no order calling a special session of the court

[1] 223 Ala. 448.

spread upon the minutes of the court, and the purpose of the application for certiorari is merely to make the absence of such order more definitely apparent, and upon that appellant contends that the judgment was void. This we have denied. *But if the judgment was voidable as for error, appellant's remedy was not by direct appeal*," citing Hudson v. Hudson, 204 Ala. 75, 85 So. 282. (Italics supplied.)

The proposition presented in that case was whether or not this court would issue a certiorari to bring up something to perfect the record which the appellant admitted did not exist; therefore, the statement, "But if the judgment was voidable as for error, the appellant's remedy was not by direct appeal," is not only dictum, but is manifestly unsound.

As a general rule, on appeal "the whole record is drawn under the consideration of the court, and advantage may be taken of all errors or irregularities which may have intervened in the course of the proceedings." McCall v. McCurdy, 69 Ala. 65, 71; Conway v. Clark, 177 Ala. 99, 58 So. 441; Hamilton et al. v. Tolley, 209 Ala. 533, 536, 96 So. 584; Griffith v. Ventress, 91 Ala. 366, 8 So. 312, 24 Am. St. Rep. 918.

By the appeal in this case, however, the record only in so far as it affects the integrity of the decree on the demurrer to the cross-bill is to be considered, and the order of submission is an essential part of that decree.

And irregularities in proceedings in disregard of the rules of chancery practice constitute such irregularity, as was observed in Conway v. Clark, supra: "Rules 20 and 23, Code of 1907, pp. 1533–1535, provide for the appointment of a guardian ad litem for a minor who is sued in chancery, and a decree rendered against said minor either pro confesso or upon the hearing in violation of the rule is irregular and will be reversed upon appeal." 177 Ala. 101, 58 So. 441.

Nor does the case of Hudson v. Hudson, 204 Ala. 75, 85 So. 282, 283, support the contention that by appeal from a decree on demurrer the defendant waived the right to question an irregular submission. The question was extensively treated in that case, and was disposed of contrary to the contention that the submission was irregular in the following utterances: "The bill of complaint in this cause was filed on May 30, 1919; respondent's demurrer was filed on June 28, 1919; and the decree at chambers overruling the demurrer was dated July 15th and filed July 16, 1919. The decree recites: 'This cause coming on to be heard is submitted for decree upon demurrers of defendant,' etc. It does not appear that the cause was set down 'for hearing' at chambers, but only that the 'decree was rendered' at chambers, and *it is perfectly consistent with the record to pre-*

*sume that the cause was peremptorily called at the regularly appointed time therefor in Clay county, duly submitted in open court, and held for decree at chambers."* (Italics supplied.)

The further expression in that opinion, "If this was not the case, and respondent was deprived of due process of law by the arbitrary action of the trial judge, he had his appropriate remedy for redressing the wrong, otherwise than by appeal," is based on the assumption that the record and proceeding of the court are prima facie free from irregularities, and if in fact there was an absence of due process, resort must be had to extrinsic evidence to impeach the record, and therefore appeal was not the proper remedy. Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1.

Gray et al. v. Bank of Moundville, 214 Ala. 260, 107 So. 804, 805, if at all applicable to the question, supports rather than militates against the contention that a party to a suit may in a proper proceeding impeach a judgment for irregularity in the submission of the case for decision. That was a bill filed by a mortgagee, not a party to the suit in which the judgment by default was rendered, who held a mortgage on property levied on under execution issued on the judgment by default, to enjoin the enforcement of the judgment and annul it on the ground that the judgment was void. The ruling there was, assuming that the submission was irregular, that it did not deprive the court of jurisdiction and therefore the judgment was not void. After stating the question presented, it was observed: "This, however, did not go to the jurisdiction or power of the judge, *but was an irregularity which would have given the defendant in the judgment perhaps good grounds for a new trial as for deceit or surprise,* but is not available to these complainants, who were not parties to the suit." (Italics supplied.)

■ These cases, aside from the dictum in Doty v. Pope, supra, which we have shown is unsound, do not sustain the contention that a party cannot, through direct attack by appeal, impeach a decree because of irregularities arising from a disregard of the rules of practice, which have the force and effect of a statute. Code 1923, § 6663; Ex parte Branch & Co., 63 Ala. 383.

On the other hand, we have in Thomas et al. v. Davis, 197 Ala. 37, 72 So. 365, an authoritative ruling of this court sustaining the right to question, by direct appeal, such irregular submission.

In that case the appeal, as here, was from a decree on demurrer, and not from a final decree, and the court, after a statement of what appeared of record, and discussing the pertinent statutes regulating the sessions of

the circuit court of Walker county, observed: "Rule 74 of chancery practice (Civil Code, pp. 1550, 1551) provides for the setting down of demurrers for hearing after 10 days' notice. This rule could not have been observed or availed of in this instance, since the demurrers were attempted to be submitted and decided on the day the demurrers were filed. The record does not show any consent by the demurrants to the submission on the demurrer. There being shown by the record no consent to the submission on demurrer during the vacation period and no observance of rule 74 of chancery practice, it is clear that the attempted submission on the demurrer and the decree following it were unauthorized, and were laid in error available on appeal. In consequence the respondents were not in default in failing to answer within the thirty days attempted to be fixed in the decree before quoted, and, in further consequence, the decree pro confesso was not justified. * * * The decree appealed from is rested on error. It is reversed. The cause is remanded that the respondents' demurrer may be disposed of according to accepted practices." 197 Ala. 39, 40, 72 So. 365.

Any other course would be to disregard and emasculate rule 74. If a party and the court can disregard the rule and submit on demurrer without notice, and still evoke a decree on the merits of the demurrer, the rule means nothing.

Hughes et al. v. Stephens, Mayor, et al., 219 Ala. 134, 121 So. 397, 398, was an appeal from a decree dismissing the bill, though the case was only submitted on application for temporary injunction, and the discussion of the merits of the bill was invoked by the insistence that the complainant was entitled to a temporary injunction, and not on the merits of the demurrer. The concluding paragraph of the opinion is here reproduced: "The case was specially set down for hearing on the application of the complainant for a temporary injunction under the provisions of section 8304 of the Code, the order requiring the register to give the defendants notice of the hearing. At this hearing the respondents appeared and filed demurrers to the bill. Without a submission on the demurrer, and without the complainant's consent, so far as the record shows, the court entertained the demurrer, sustained it, and dismissed the bill. This was error for which the decree must be reversed."

■ The record in the case at bar recites: "This cause is submitted under Rule H heretofore adopted by this Court, as amended on March 31, 1930, for decree upon the demurrers filed by the complainant, the respondent to the cross-bill, to the cross-bill," which means nothing more nor less than after the demurrers had been on file for ten days, the papers were handed to the judge, and he pro-

ceeded, without notice to the parties, to enter the decree.

Under the ruling here, this was error, for which the decree must be reversed. Spear et al. v. Virginia-Carolina Chemical Corp., supra.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, and BOULDIN, JJ., concur.

FOSTER and KNIGHT, JJ., dissent on the point that by the appeal the irregularity in the submission was not waived. Their views are expressed in the case of Thomasson, et al. v. Benson Hardware Co. et al., post, p. 11, 138 So. 287.