138 So. 287

## THOMASSON et al. v. BENSON HARDWARE CO. et al.

### 4 Div. 579.

Supreme Court of Alabama.

Dec. 3, 1931.

E. O. Baldwin and A. Whaley, both of Andalusia, for appellants.

A. R. Powell and Marcus J. Fletcher, both of Andalusia, for appellees.

FOSTER, J.

Section 6637, Code, provides that the circuit judge shall by order on the minutes designate the times for the equity sessions of the circuit court. Section 6638, Code, provides that the parties may by agreement with the consent of the judge set down equity causes on such day as they may select. Section 6639 requires the court to receive a submission when it is presented, and rule 74 that a submission may be made on demurrer in vacation by giving ten days' notice. Vacation is here held to include term time between the equity sessions. Spear v. V.-C. Chem. Corp., 223 Ala. 448, 136 So. 805.

The case of Hudson v. Hudson, 204 Ala. 75, 85 So. 282, 283, recognizes such rules, though at that time section 6637 had not been enacted. That section has a counterpart in section 6667, applicable to nonjury civil cases. Doty v. Pope, 213 Ala. 4, 101 So. 883, 884, rendered after their enactment, related to nonjury cases, but they, in the respect now under consideration, are governed by the same statutory provisions. In the case of Hudson v. Hudson, supra, the decree overruled a demurrer to a bill in equity, rendered when the court technically was in term, but the record did not show that an order had been entered as provided by section 6637, designating that as a time for an equity session. But in the absence of a contrary showing this court held that it would presume the existence of such an order. Then said: "If this was not the case, and respondent was deprived of due process of law by the arbitrary action of the trial judge, he had his appropriate remedy for redressing the wrong, otherwise than by appeal." This expression is conceded to be dictum in that case, because the court had held that the existence of a proper order should

be presumed. But in the case of Doty v. Pope, supra, a nonjury civil case governed by a statute similar in this respect, appellant undertook to show that there was no such order as required by such enactment, and moved for a certiorari to have the record thus corrected. But in denying the certiorari the court observed that if the session of the court is held at a time not fixed by law, the order of the court calling it should appear on the minutes "of which litigants should have notice in some way." But that if there was no such order on the minutes, as appellant contended, the judgment was not void, being in term time, but if it "was voidable as for error, appellant's remedy was not by direct appeal." Citing Hudson v. Hudson, supra. So that, in that case, the question was directly presented and acted upon, according to statutes which are now in existence, by a refusal to have the record thus completed, in order to show a matter of which appellant could not complain by appeal.

The proper remedy for appellant is to proceed in the chancery court to vacate the decree because rendered contrary to the statute or rule 74, and to permit a hearing on the demurrer. 3 Corpus Juris pp. 335, 336, § 68; Gray v. Bank, 214 Ala. 260, 107 So. 804; Ryan v. State, 13 Ala. 514. Upon the refusal of the chancery court to vacate such a decree, this court could review its act in so doing by appropriate proceedings. In order to reverse the decree on the demurrers because not submitted pursuant to the statutory rules, and regardless of the merits of the case, we override Doty v. Pope, supra, as well as the dictum in Hudson v. Hudson, supra. Doubtless a motion in the lower court would enable appellant to be heard in that court on his demurrer if he so desired without the necessity of calling upon this court, and thereby relieve the parties and this court of a burden which would probably be wholly unnecessary.

In the case of Thomas v. Davis, 197 Ala. 37, 72 So. 365, it is said that the decree on the demurrer was unauthorized and laid in error, which was available on appeal. And though it is said that a decree on demurrer rendered in vacation contrary to rule 74 was an error which could be reviewed on appeal, the statement was evidently made forgetful of the decisions of this court to the effect that such a decree was void, and would not support an appeal. Ex parte Branch, 63 Ala. 383; Adams v. Wright, 129 Ala. 305, 30 So. 574; Wertheimer v. Ridgeway, 157 Ala. 398, 47 So. 569; Hayes v. Hayes, 192 Ala. 280, 68 So. 351; Zaner v. Thrower, 203 Ala. 650, 84 So. 820.

But when a decree is rendered in term time under our present statutes, though rule 74 or section 6637, Code, be not observed, the effect is not now to nullify the decree. Pope v. Allinder, 219 Ala. 439, 122 So. 419. The court has the power in term time, and the requirements are but regulations and are not jurisdictional. Gray v. Bank, 214 Ala. 260, 107 So. 804; Doty v. Pope, supra. But in technical vacation the court has no power except as brought into existence by an observance of the rules. Thus the result is reached that such a decree in vacation is a nullity, but not so when rendered in term time.

In the case of Hughes v. Stephens, 219 Ala. 134, 121 So. 397, this court held that the bill was not subject to the demurrer, and the decree was without a submission or consent of complainant, and reversed it for both reasons, citing Walker v. Birmingham, 216 Ala. 206, 112 So. 823, and Thomas v. Davis, supra. Walker v. Birmingham, supra, did not relate to the manner of the submission, nor the time of the hearing, but to the equity of a bill of a similar nature, and was apparently cited on that question. Thomas v. Davis, supra, was apparently cited in support of the statement that it was improperly heard on demurrer, without notice, and subject to review by appeal. The opinion of this court was that the decree on demurrer was erroneous because the bill had equity as in Walker v. Birmingham, supra. Therefore, the further statement that the error in the time and manner of its rendition was also reversible, was unnecessary to the result, and did not cite on that subject Doty v. Pope, supra, or Hudson v. Hudson, supra. Being unnecessary to the decision reached in that case, it was also in the nature of dictum, and seemed to be in reliance upon Thomas v. Davis, supra, which we have shown was in that respect contrary to our cases directly on that subject. Whereas in Doty v. Pope, supra, that situation was the immediate basis of the decision. The case of Spear v. V.-C. Chem. Corp., supra, is founded on the foregoing cases without a discussion of those which oppose its holding.

Our judgment is that when there is a decree on demurrer rendered during what is now our term time, though rule 74, as interpreted by this court, is not observed, nor an order made as required by section 6637, Code, and an appeal is taken from that decree to this court, appellant thereby waives the requirement of that rule, and section of the Code. We do not think that they are jurisdictional. If they were, the decree would be void and would not support an appeal. If he wishes to avail himself of those regulations and feels aggrieved by their nonobservance, his remedy on that account should be a motion in the court in which the decree is rendered to vacate it, and to be heard on the merits of the demurrer. Whereas, if such a decree is thus rendered in vacation, technically so called, it is void and will not support an appeal.

The questions on this appeal then should be treated as though the irregularities in the submission were waived, and we cannot therefore reverse the decree for a failure to observe them.

On a former appeal in this case from a decree overruling demurrers to the bill and cross-bill, the decree was reversed for the one and only reason that the name of the agent was not averred (222 Ala. 176, 131 So. 563). The effect was thus to declare that the bill and cross-bill were otherwise free from the demurrer interposed. That defect was corrected by amendment. A decree then overruled demurrers, and this appeal is the second one from such a decree. When a bill is held good as to substantial relief sought, though in the same decision some features of the bill are held subject to demurrer, its equity is upheld under section 6080, Code. Shields v. Hightower, 216 Ala. 224, 112 So. 834; Ala. Water Service Co. v. Anniston, 217 Ala. 271, 116 So. 124; Allen v. Young, 218 Ala. 82, 117 So. 641; Brasher v. Grayson, 219 Ala. 631, 122 So. 881.

Such being the condition of this case, we think that the motion to dismiss the appeal under section 6080, Code, should be, and it is, sustained.

Appeal dismissed.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur as to the result that the appeal be dismissed on the grounds stated, but do not concur in the treatment of rule 74, as constituting reversible error. Their views on that subject are expressed in the majority opinion in Stuckey v. Matt Murphy, Receiver, ante, p. 8, 138 So. 289.

KNIGHT, J., concurs with the writer in the entire opinion.