8 So.2d 170

### Ex parte BAPTIST TABERNACLE OF ANNISTON.

#### 7 Div. 700.

Supreme Court of Alabama.

May 14, 1942.

Rutherford Lapsley, of Anniston, for petitioner.

Merrill & Merrill, of Anniston, for respondent.

BROWN, Justice.

This is an original application for mandamus seeking to review and modify an order of the circuit court, in equity, granting the motion of defendants in the case of The Baptist Tabernacle of Anniston, complainants, v. G. B. Snoddy et als., defendants, to set aside a final decree dismissing the petitioners' bill and taxing the costs, and reinstating the case upon the equity docket.

The complaint here is, not that the court erred in granting the motion to set aside the final decree, which was still within the court's plenary power, but that in said order the court restored the status quo of the parties, as of the filing of the bill, which had been upset as a result of granting a temporary restraining order, pending a hearing on a motion for the issuance of

an injunction. Said restraining order being dissolved ex necessitate by the dismissal of the bill.

Referring to the hearing on the motion of the respondents to dissolve the temporary injunction, the respondent judge in his answer, which is not controverted, states:

"In the testimony it was developed that after the issuance of the temporary restraining order against the respondents the faction opposed to the respondents, under cover of the restraining order, had started using the choir platform for the holding of another Sunday School class of said church. It was undisputed, however, that the Men's Bible Class, of which the respondents were members, had used the choir platform since the beginning of the church until the issuance of the temporary restraining order and the court, upon dissolving the restraining order and being desirous of restoring the status quo, decreed, as shown in Exhibit 10 to the Petition for Mandamus, as follows:

"'And it appearing to the court that, since the issuance of the temporary restraining order, another group has taken possession of the choir platform in the Baptist Tabernacle at the time or period when it was formerly occupied by the respondents and that the respondents should have their possession at said usual time or period restored to them but which said possession should not interfere with the other services of the Baptist Tabernacle, it is therefore ordered, adjudged and decreed by the court that said temporary restraining order be and the same is hereby dissolved. It is further ordered, adjudged and decreed by the court that the respondents be and they are hereby awarded the right to the possession of the choir platform in said Baptist Tabernacle at the usual time or period for the holding of a Men's Bible class on said platform. It is further ordered, adjudged and decreed by the court that the respondents, in the conduct of said Men's Bible Class and in the occupation of said choir platform, shall conduct themselves in said class so as not to interfere in point of time with the other usual assemblies or exercises of said Baptist Tabernacle.'"

The case was submitted, "on the motion of the respondents to dissolve the temporary injunction preventing them from entering into the choir platform for the purpose of conducting their Sunday School

Class," not on the merits for final decree on pleadings and proof. The court therefore erred in dismissing the bill. Hughes et al. v. Stephens, Mayor et al., 219 Ala. 134, 121 So. 397.

And the court in restoring the case to the trial docket, within the thirty days, was acting within the court's plenary power, whether it ordered ex mero motu, or on motion of the respondents, and did not abuse the court's discretion in restoring the parties to their status quo.

The facts stated in the return of the respondents to the rule nisi, not being controverted, are taken as true. Code of 1940, Title 7, § 1073, and authorities cited in annotation.

The peremptory writ of mandamus is denied and the application therefore is dismissed. Let the petitioners pay the costs.

Writ of mandamus denied and petition dismissed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.