RYAN v. THE STATE.

1. Where two judgments are rendered against a defaulting witness, for failing to attend as a witness, in a State cause, at different terms of the court, the proper remedy is, to move the court to vacate the last judgment, on producing the first, and upon the refusal of the court, a writ of error would lie to this court.

Writ of Error to the Circuit Court of Tuscaloosa. Before the Hon. G. D. Shortridge.

W. M. MURPHY, for the plaintiff in error, cited Clay's Dig. 599, § 3.

The ATTORNEY GENERAL for the State.

COLLIER, C. J.—The plaintiff in error was summoned as a witness at the instance of the State, to give evidence on the trial of an indictment against Alexander McMillian, which was pending in the circuit court. At the spring term of that court holden in 1844, a judgment *nisi* was rendered against the plaintiff, with some six or seven other persons, as defaulting witnesses, which, after the return of two *sci. fa's*, "not found," was made final. Afterwards, at the spring term of

1845, a similar judgment was rendered, which was made final in the same manner. The entire proceedings are stated in the transcript before us, and it is insisted that the second judgment was unauthorized, and should be reversed.

Looking at the last judgment as disconnected from the first, and there is nothing to show its irregularity. It must be conceded, that the proceedings, so far as form is concerned, are unobjectionable, and we think it is not allowable to refer to the first judgment, to show that the entire statute penalty had been recovered, so as to warrant a reversal of the last judgment. Admitting, that although the *subpœna* in a criminal case requires the witness to attend from term to term, there can be but one penalty recovered for the failure to obey its mandate, yet if two recoveries are had, the witness's remedy to avoid the second, is not by writ of error. He should move the primary court to vacate the judgment upon producing the first, and if unauthorized, it would be competent to do so, just as that court would annul the last judgment, where one had been previously rendered decisive of a suit; or as this court would do where a judgment was affirmed on certificate, and afterwards reversed upon errors assigned; but in the latter case, the last judgment would stand as the definitive sentence, and the first be vacated. This course of proceeding harmonizes with legal analogies. If the court should deny the motion, it would be allowable for the party to except, and then present the question now sought to be raised, for revision. But the case as presented, cannot be entertained, and the writ of error is consequently dismissed.