# Foster *et al.* *v.* Ballentine, *et al.*

*Bill in Equity for Partition of Lands.*

1. *Partition of lands; sufficiency of bill of complaint.*—A bill of complaint seeking the partition of lands which, after stating the names of all the persons interested in the property, their residence and ages, and a full and accurate description of the property sought to be divided or partitioned, then avers in general terms how the complainants acquired an interest in the property, is sufficient and not subject to demurrer; it not being necessary to aver with particularity, the title of the parties interested in said lands.

APPEAL from Chancery Court of Madison.
Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed by the appellants against the appellees, seeking the partition of certain lands specifically described in the complaint. The averments in the bill and the amendment thereof are sufficiently set forth in the opinion. To the bill, as amended, the defendants demurred upon the following grounds:

"1. Said bill, as amended, does not state facts showing that the complainants are entitled to any interest or estate in the lands mentioned in the bill, but state merely the opinion or conclusion of the pleader on that subject.

"2. Said bill, as amended, does not set out or allege the provision or provisions of the will of Samuel Watkins in reference to the land mentioned in the bill.

"3. Said bill, as amended, does not sufficiently set out or allege the terms of the will of said Samuel Watkins, deceased, in reference to the lands mentioned in the bill to enable the court to determine what were the provisions or disposition of said will in reference to the lands mentioned in the bill."

On the submission of the cause upon the demurrers, the chancellor rendered a decree sustaining them. From this decree the complainants appeal, and assign the rendition thereof as error.

COOPER & FOSTER, JAMES H. BRANCH and D. A. GRAYSON, for appellant.

R. W. WALKER and J. H. BALLENTINE, *contra,* cited *Goldsby v. Goldsby,* 67 Ala. 564; *Chandler v. Hanna,* 73 Ala. 393; *Duckworth v. Duckworth,* 35 Ala. 70; *Cockrell v. Gurley,* 26 Ala. 409; *Forsyth v. Preet,* 62 Ala. 444.

HARALSON, J.—Suit for partition of land in kind between tenants in common.

In an application for partition in the probate court, it is provided in respect to the contents of the application, that it "must set forth the names of all the persons interested in the property, their residence, if known, whether they are over or under twenty-one years of age, a full and accurate description of the property sought to be divided or partitioned, the interest of each person in the same, and the number of shares into which it is to be divided."—Code, § 3163. It would seem that a bill in equity for the same purpose, which answered the requirements of this section, would be sufficient. There is no need for greater particularity of averment to accomplish the same purpose in the one than in the other of these courts.

Mr. Freeman says: "So far as we are aware, it has never been held to be necessary in applying for partition, whether at law or in equity, to show any deraignment of the plaintiff's title. * * * It is, therefore, undoubtedly sufficient in a complaint for partition, in an ordinary case where no special redress is sought, to

state the ultimate facts respecting the titles of the respective parties. If any issue is formed respecting these facts, such issue may be determined by the production of deeds and other competent matters of evidence, none of which need be specifically stated in the complaint. If, however, the complaint states the title of plaintiff in general terms, and then proceeds to disclose the proceedings by which he acquired his interest in the property, and such proceedings as stated are insufficient to vest him with any title, the complaint is insufficient." Freeman on Co-tenancy & Partition, § 486. Appended to section 491, the author gives the form of a petition in such a case, embracing not more than our statute requires.

Knapp on Partition, p. 102, says: "In a petition for partition, under the statute, it is not necessary to set forth the rights and titles of the several tenants, at large, nor is it necessary to allege the seizin of the ancestor or the person from whom the parties derive title; but it is sufficient to state, in general terms, that each tenant was seized of his part or share in fee, or as the case may be, whether such seizin be acquired by inheritance or purchase." The constituent facts on which the petition is based need not be averred, for these are merely probative.—*Spensley v. Janesville*, 62 Wis. 549; *Bradshaw v. Callaghan*, 8 Johns. (N. Y.) 558. In 3 Barb. Cr. Prac. 704, is found a form for petition, according to the New York rule, which directs that the bill or "petition must state, in as concise manner as possible, the rights and interests of the respective parties in the premises," etc., and the following averment of the source of title is given as being all that is necessary: "And your petitioner further showeth that the said J. G. obtained his title to one equal undivided share of the above described premises by devise from his father, W. G., etc.," and the same in general terms of the titles of the other parties.

In the case before us, the bill in section 3,—after setting out in the two preceding sections, the names, residences, and ages of all the parties in interest, plaintiffs and defendants,—avers: "Complainants and defendants are joint owners in fee simple and tenants in common

of the following described lands, situate in the county of Lawrence, State of Alabama" (describing them by their land office numbers). Section 4: "Orators and said defendants derive title to said property as heirs at law of one Samuel Watkins, who died in the year 1835, seized and possessed of said lands." In section 7, the share to which each of the tenants in common is entitled in the lands is carefully stated. In section 5, as amended, is the averment in general terms, that the lands described were given under the last will and testament of Samuel Watkins, to his daughter, Mrs. Elmira Swoope, during her life, the title to vest in such children of hers as should come of age or marry after the death of their mother; that none of her children came of age or married after her death, but all of them died many years before the death of their mother; that the contingent remainders created by said will lapsed, and that on the death of Mrs. Swoop, the said lands reverted to the estate of said Samuel Watkins, and descended to his heirs at law. It is also averred in section 6 that Mrs. Swoope died on the 1st January, 1889, and upon her death the said lands descended to the parties to the bill, and vested in them as tenants in common. The prayer of the bill was for a division in kind.

The averments of the bill in respect to the deraignment of title were, perhaps, quite unnecessary to give equity to the bill. But they are by no means improper averments, and were no more than statements of the evidence of complainants' and defendants' title, showing that they are tenants in common of the property sought to be divided. Nor were these general averments of the sources of title wanting in that degree of fullness and clearness required in a bill of this character, as questioned by the demurrer. They were quite sufficient to show that the parties were invested with the title to the lands as tenants in common.

The court below erred in sustaining the demurrer, and its decree will be reversed and the cause remanded.

Reversed and remanded.