**SHIELDS v. HIGHTOWER et al.**

**YARBROUGH v. SAME.** (8 Div. 912, 913.)

Supreme Court of Alabama. April 7, 1927.

Rehearing Denied May 19, 1927.

**1. Appeal and error ☞1—Right of appeal from interlocutory decree is wholly statutory.**

Right of appeal from an interlocutory decree is wholly statutory.

**2. Appeal and error ☞14(½)—After bill is upheld on appeal from decree on demurrer, no further appeal lies from later interlocutory decree on demurrer to bill or amended bill (Code 1923, § 6080).**

Under Code 1923, § 6080, when substantial equity of bill is upheld on appeal from decree on demurrer, no further appeal can be prosecuted from a later interlocutory decree on demurrer to bill, including decree on demurrer raising new objections to original bill and demurrer to amended bill, whether relating to existing or new matter.

**3. Appeal and error ☞870(5)—Equity case may be litigated after upholding of bill by Supreme Court on demurrer, though new matters are raised which may be presented after final decree (Code 1923, § 6080).**

Under Code 1923, § 6080, judgment of Supreme Court upholding bill of complaint as against demurrer entitles either party to have case litigated without awaiting decision on another appeal touching new matters which may be raised by assignment of errors after final decree, and which must be considered without regard to former decision.

**4. Appeal and error ☞14(½)—Equity of bill is upheld when sustained as to substantial relief sought, though some features are held demurrable (Code 1923, § 6080).**

Equity of bill is upheld as against demurrer within Code 1923, § 6080, when bill is held good as to substantial relief sought, though in same decision some features of bill are held subject to demurrer.

**5. Appeal and error ☞14(½)—Term "bill," in statute limiting appeals from interlocutory orders upholding bill, includes any bill whose equity may be tested by appeal from decree on demurrer (Code 1923, §§ 6079, 6080).**

Under Code 1923, § 6080, limiting further appeal from interlocutory order after equity of bill has been upheld by Supreme Court from interlocutory order, term "bill" is used in generic sense, meaning original bill, amended bill, cross-bill, or amended cross-bill, and any bill whose equity may be tested by appeal from decree on demurrer under section 6079.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill.]

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Bill in equity by L. C. Hightower and others against E. C. Robinson and others, in which John W. Shields, C. A. Yarbrough, and C. Pepper, Sr., filed cross-bills. From a decree on demurrers to their cross-bills, cross-complainants John W. Shields and C. A. Yarbrough severally appeal and apply for mandamus. Appeal dismissed; mandamus denied.

E. W. Godbey, of Decatur, for appellants.

The statute (Code, § 6080) does not apply to cross-bills. Metford's Eq. Pl. 80; Davis v. Cook, 65 Ala. 623. The court may not dismiss an appeal from a ruling on appellees' demurrers merely because appellees had previously filed demurrers to a former pleading, some of which were overruled. A second appeal must be considered without regard to the former ruling. Moulton v. Reid, 54 Ala. 320; Mann v. Darden, 171 Ala. 142, 54 So. 504; Hastings v. Foxworthy, 45 Neb. 676, 63 N. W. 955, 34 L. R. A. 321.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellees.

This appeal is contrary to the statute, and must be dismissed. Code 1923, § 6080.

BOULDIN, J. The original bill was filed by sureties on the official bond of a tax collector to enforce, by way of subrogation, the lien of the state and county on the lands owned by the principal during his incumbency in office, to reimburse sureties for amounts paid by reason of the default of the principal. The respondents are the principal and vendees and subvendees of such lands.

The equity of the bill was sustained by this

court on appeal from decree on demurrer. Yarbrough v. Hightower, 211 Ala. 262, 100 So. 126.

The present appellants, subvendees, filed a cross-bill to which complainants interposed demurrers. The decree on these demurrers was reviewed by this court in Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506.

The nature of the cross-bill and the questions presented and decided on that appeal are best gathered from the decision. Suffice to say here the equity of the cross-bill was upheld by this court, and cross-complainants held entitled to substantial relief sought under several features of the cross-bill, while right to relief under other phases of the cross-bill was denied.

After the cause was remanded, cross-complainants amended their cross-bill by additional averments and prayer and bringing in new parties to the cross-bill. Demurrers were interposed by complainants to the cross-bill as amended.

The court, in decree on demurrer, followed the decision of this court on former appeal. From this decree, the present appeal is taken.

Appellees move to dismiss the appeal, because prosecuted in contravention of the Act of September 7, 1923 (Code, § 6080). This section reads:

'Whenever the equity of a bill, complaint or petition has been tested and upheld by the supreme court on an appeal from any interlocutory order, judgment, or decree, no other appeal can be taken from any subsequent interlocutory order, judgment or decree; but the rulings of the trial court on any such interlocutory orders, judgments or decrees may be reviewed by the Supreme Court on appeal from the final judgment or decree."

[1] The case presents, we believe, for the first time, this statute for construction. The right of appeal from an interlocutory decree is wholly statutory. Appeal from decree on demurrer to a bill in equity dates back to 1875. Code of 1876, § 3918. Appeal from a decree on demurrer to a cross-bill was not allowed until the Act of March 17, 1915 (Acts of 1915, p. 137).

The aim of such statute is to settle the law of the case. This may end the litigation. If not, it defines the issues to be further litigated. The legislative policy is to promote the administration of justice with least delay and expense.

Section 6080 clearly strikes at the evil of repeated appeals from decrees on demurrer to original or amended bills, a fruitful source of the law's delays. It is in addition to the rule of practice relating to appeals for delay.

[2] We give full effect to the general terms of the statute. Accordingly, we hold that, when the substantial equity of the bill is upheld on appeal from decree on demurrer, no further appeal can be prosecuted from a later interlocutory decree on demurrer to the bill. This includes a demurrer raising new objections to the original bill and demurrer to amended bill, whether the amendment relate to matters already in the bill or new matter.

[3] In other words, when it is declared by a decision of this court that the bill of complaint presents a case for equitable relief, either party is entitled to have it litigated without awaiting a decision on another appeal touching matters which may not have been raised on former appeal or have been brought in under our liberal system of amendments. As to all this, the party is protected by assignment of errors thereon after final decree, when this court must consider all questions without regard to the former decision.

[4] The equity of the bill is upheld, within the meaning of this statute, when it is held good as to substantial relief sought, although in the same decision some features of the bill are held subject to the demurrer.

[5] "A bill" is used in a generic sense, meaning original bill, amended bill, cross-bill, or amended cross-bill, any bill whose equity may be tested by appeal from decree on demurrer under Code, § 6079.

A construction which would allow appeals from decrees on demurrer to cross-bills, but not to original bills, would be out of keeping with the history, as well as the purposes, of the statute.

The motion to dismiss the appeal is granted. Application for mandamus is denied.

Appeal dismissed; mandamus denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.