(116 So. 124)

ALABAMA WATER SERVICE CO. et al. v.
CITY OF ANNISTON. (7 Div. 788.)

Supreme Court of Alabama. March 22, 1928.

1. **Appeal and error** ⬅⟩14(2)—**Appeal from
decree overruling demurrer to bill not al-
lowed where involving substantially same
matters as were considered on prior appeal
(Code 1923, § 6080).**

Under Code 1923, § 6080, *held*, that an ap-
peal cannot be taken from decree overruling
demurrer to bill in equity where appeal involved
practically and substantially the same mat-
ters as were considered on prior appeal, and
amendment of bill simply made the purchaser
pendente lite a party respondent, but in no wise
changed equity of bill as against appellant.

2. **Lis pendens** ⬅⟩24(1)—**Purchaser pendente
lite is bound by any decree afterwards ren-
dered against party litigant.**

A purchaser pendente lite is subject to the
hazards of the pending litigation and is bound
by any decree that is afterwards rendered
against the party litigant.

Appeal from Circuit Court, Calhoun Coun-
ty; R. B. Carr, Judge.

Bill in equity by the City of Anniston
against the Alabama Water Service Company
and others. From a decree overruling de-
murrers to the bill, defendants appeal. Ap-
peal dismissed.

Cabaniss, Johnston, Cocke & Cabaniss, of
Birmingham, and Knox, Acker, Sterne &
Liles, of Anniston, for appellants.

In view of the decision, briefs need not be
here set out.

James F. Matthews, of Anniston, for ap-
pellee.

When the equity of a bill has been tested
and upheld by the Supreme Court on appeal
from an interlocutory order or decree, no oth-
er appeal can be taken from any subsequent
interlocutory order or decree. Code 1923, §
6080.

ANDERSON, C. J. [1, 2] Section 6080 of
the Code of 1923, new to said Code and being
a codification of the Act of 1923, p. 250, says:

"Whenever the equity of a bill, complaint or
petition has been tested and upheld by the Su-
preme Court on an appeal from any interlocu-
tory order, judgment, or decree, no other ap-
peal can be taken from any subsequent inter-
locutory order, judgment or decree; but the
rulings of the trial court on any such interlocu-
tory orders, judgments or decrees may be re-
viewed by the Supreme Court on appeal from
the final judgment or decree."

This provision was evidently intended to
serve some purpose, and we think that pur-
pose was to give some finality to a decree
settling the equity of a bill and to cut off
continuous and frequent appeals from inter-
locutory decrees or orders.

This is the third appeal in this case. 207
Ala. 497, 93 So. 409, and 215 Ala. 120, 110 So.
36. True, the first appeal involved the en-
forcement of a different contract from the
one sought to be enforced in the second ap-
peal, and therefore the ruling on the first
appeal did not necessarily settle the same
equities as involved in the second appeal.
But, as we understand, this appeal involves
practically and substantially the same case
as considered and decided upon the second
appeal. 215 Ala. 120, 110 So. 36. True, the
bill was amended after the second appeal and
before the present one, but in no material
aspect as would affect the equity of the
bill. The amendment simply made the Ala-
bama Water Service Company a party re-
spondent, averring a purchase by it of the
plant during the lis pendens with the fur-
ther averment that the contract of purchase
expressly provided that it was subject to the
contract rights of the complainant and the
result of the pending litigation. The other
new party is the New York Trust Company
with the averment that the Alabama Water
Service Company has conveyed or is about
to convey the property to said trust company
to secure a bond issue. The amendment in
no wise changed the equity of the bill as
against the Alabama Water Company, the
appellant on the second appeal. True, these
new respondents may be entitled to their
day in court and to a hearing, but they are
given the right to have the decree upon their
demurrers reviewed upon an appeal from a
final decree and the above-quoted statute
deals only with a question of practice and
procedure and not the right to defend. More-
over, a purchaser pendente lite is subject to
the hazards of the pending litigation and is
bound by any decree that is afterwards ren-
dered against the party litigant. Morton &
Bliss v. New Orleans R. R., 79 Ala. 590.

Indeed, our recent case of Shields v. High-
tower, 216 Ala. 224, 112 So. 834, invokes the
above-quoted statute against a second appeal
from an interlocutory decree upholding the
equity of the bill whether subsequently
amended or not, but we need not go that far
in this case since the amendment did not
change the equity of the bill as considered
in 215 Ala. 120, 110 So. 36.

We think and so hold that the present in-
terlocutory decree from which this appeal is
attempted will not support the appeal, and
which is accordingly dismissed.

Appeal dismissed.

SAYRE, GARDNER, and BOULDIN, JJ.,
concur.

⬅⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes