(119 So. 610)

**THOMAS et al. v. SKEGGS.** (6 Div. 56.)

Supreme Court of Alabama. Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

See, also, 213 Ala. 159, 104 So. 395.

E. W. Godbey, of Decatur, for appellants.

Ernest B. Fite and K. V. Fite, both of Hamilton, for appellee.

ANDERSON, C. J. ■ This is the second appeal in this case from the ruling upon demurrer to the bill of complaint. 213 Ala. 159, 104 So. 395. The bill, however, upon first appeal was only one for a sale of the land for partition, wherein its equity was upheld, and, if this was all as presented by the present appeal, it would be our duty to dismiss the appeal under section 6080 of the Code of 1923, forbidding more than one appeal on demurrer. It appears, however, that after the appeal the complainant amended the bill so as to make W. W. Thomas a party, setting up that he claimed some title or interest in the land adverse to that of the complainant or other alleged owners and sought to determine and quiet the title; and, as the amendment injected a new material issue into the controversy, the respondent, W. W. Thomas, has a right to appeal from the decree on demurrer to the bill as last amended. Alabama Water Service Co. v. City of Anniston, 217 Ala. 271, 116 So. 124.

■ The original bill being for a sale for partition, the complainant had the right, under section 9334 of the Code of 1923, to make W. W. Thomas, an adverse claimant, a party respondent and the right to adjust and quiet the title, and which could have been done by the original bill or by an amendment, and it matters not whether the claim was made when the original bill was filed or when the amendment was made.

We do not think that what purports to be an interlineation in the descriptive part of the bill renders it meaningless or unintelligible. There may be a displacement in the interlineation, but it can be so read and placed as to make the description plain and definite.

■ True, one of the subdivisions is described as "the southwest quarter (S.E. ¼) of the northeast quarter (N.E. ¼)," and there is an apparent conflict between the southwest quarter as written and a purported repetition in abbreviation as the (S.E. ¼), but we think the description as written in full should prevail, in the absence of a spe-

cific demurrer pointing out the variance or inconsistency which we do not find.

There was no error in overruling the demurrer to the bill as last amended, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.