(137 So. 443)

**THOMAS et al. v. SKEGGS.**

6 Div. 652.

Supreme Court of Alabama.
Oct. 29, 1931.
Rehearing Denied Nov. 19, 1931.

E. W. Godbey, of Decatur, for appellants.

Ernest B. Fite and K. V. Fite, both of Hamilton, for appellee.

BOULDIN, J.

The bill is for the sale of lands for division among tenants in common.

The original bill was sustained on appeal from a decree overruling demurrer thereto. Thomas v. Skeggs, 213 Ala. 159, 104 So. 395.

The bill alleged that complainant, W. E. Skeggs, owned an undivided one-half interest in the lands, and defendants, Ella A. Thomas, Addie Toadvin Ford, and Page Toadvin, owned each an undivided one-sixth interest therein.

It later developed that the muniment of title is a sheriff's deed made in 1897 upon the sale of the lands under execution as the property of Alabama Kaolin & Mineral Company. The purchasers of the land at execution sale, as recited in the sheriff's deed, were "W. E. Skeggs and Wesley W. Thomas as the administrator of S. F. Toadvin, deceased."

The purchase money is recited to have been paid by "Wm. E. Skeggs and Wesley W. Thomas, Administrator as aforesaid," and the gran-

tees named as "W. E. Skeggs and Wesley W. Thomas, Administrator of the estate of S. F. Toadvin, dec'd."

The defendants to the original bill are all the heirs at law of S. F. Toadvin, deceased.

In this state of the title an amended bill was filed making Wesley W. Thomas a party defendant, reasserting the ownership in said heirs at law, and praying that title be quieted in complainant and said heirs as against said Thomas.

This amended bill was sustained as against demurrer on appeal of W. W. Thomas. Thomas v. Skeggs, 218 Ala. 562, 119 So. 610.

The present appeal is from a final decree granting the complainant relief as prayed.

■ The main issue in the evidence is whether the property may be equitably partitioned in kind.

It is a body of unimproved wild lands containing 1,040 acres. It appears the standing timber is the major element of value; that such timber is in scattered areas, differing much in quantities and qualities; that much of the land has no valuable timber. It further appears the tract is broken, rough, and hilly; has some land available for farming purposes, but in scattered spots only, and these of undefined areas and values. It further appears an undefined area is underlain with an undeveloped seam of coal; that kaolin also appears on rather large but undefined areas.

The evidence warrants a finding that the mineral rights as a whole have some market value, and to some degree favorably affect the market value of the whole.

Without further detail we conclude, on a careful consideration of the evidence taken in part orally before the trial court, the decree adjudging that the property cannot be equitably partitioned in kind should be sustained.

The answer to the amended bill alleged that not all the property of the cotenancy was included. That certain additional property in section 21 was described in the sheriff's deed of 1897 is true. But no evidence controverts that of complainant tending to show the present holdings are limited to those described in the bill and ordered sold by the decree.

A question is raised as to the inclusion of 80 acres, E. ½ of N. E. ¼ of section 18, not described in the sheriff's deed. Whether the evidence of adverse possession of this as part of the same tract, and of non-assertion of any claim by any one else, is sufficient to vest a title in these cotenants, we need not and do not decide. Appellants have nothing to complain of in the inclusion of these 80 acres.

■ Nor will the trial court be put in error in not requiring and awaiting some form of proceeding to quiet title to this comparatively small fraction.

The evidence taken after W. W. Thomas was made a party respondent and the cause was at issue on the amended bill supports the averment that the beneficial and equitable ownership of the one-half interest was in the heirs of S. F. Toadvin as averred. No proof was taken in support of the denials of the answer in this regard.

Much is said in briefs touching the decree denying relief on the cross-bill. W. W. Thomas, complainant in the cross-bill, did not join in the submission, made no note of testimony. No testimony had been taken touching his claim to a beneficial ownership of all or some of the shares of the Toadvin heirs, of whom Mrs. Thomas was one.

The contention is made that the submission was premature and the same should have been set aside on motion made by him immediately after the decree was entered. The basis of this contention is that because of certain irregularities in the order of publication against nonresident parties to the cross-bill, constructive service had not been had, and hence decrees pro confesso on publication were ineffective.

Of these respondents, Addie Toadvin Ford and Page Toadvin were parties to the original and amended bills of the complainant, and the cause was at issue thereon.

The issue as to their title was presented in the original and amended bills.

Norman C. Ford, brought in by the cross-bill of W. W. Thomas, is not alleged therein to claim any interest in the property, nor is it averred he ever had any title thereto, but did hold a written evidence in the form of a receipt showing a purchase of the share of one of the heirs.

But the cross-bill further alleges Ford was merely the conduit of the beneficial ownership acquired by Mr. Thomas or Mrs. Thomas who furnished the money to buy it.

■ All the parties having any legal or equitable title under the evidence or pleadings in the cause were before the court, so that their full and complete title will pass to the purchaser at a sale.

■ Assuming, without deciding, that the cause was not at issue on the cross-bill, in view of the record as a whole, we decline to disturb the decree ordering a sale of this property.

The original bill was filed in 1923; the amended bill in 1927; the cross-bill had been pending more than ten months before a submission.

Complainant's ownership of an undivided half interest was never questioned. Addie Toadvin Ford and Page Toadvin never litigat-

ed the case at any stage, suffered decrees pro confesso on the original and amended bills. At various stages of the pleadings their shares have been claimed by Mrs. Thomas, finally by W. W. Thomas, who declares a purpose to pass it on to Mrs. Thomas, one of the heirs.

The issues under the cross-bill related to ownership among the several respondents to the original bill. While our statute contemplates the issues under both original and cross-bill shall be heard at the same time, this court has declared that this does not deprive the court of a discretion to proceed to a hearing on the original bill where cross-complainant has not taken needed steps to get the cross-bill at issue and prepare same for trial. Such is the general equity rule. Code, § 6550; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; 21 C. J. 581, § 715.

Appellee strongly insists there is not and never has been any bona fide controversy between the members of the Toadvin family as to the beneficial ownership of their half interest in this property; that the cross-bill and much other procedure have been for purposes of delay, as seems to have been threatened by letter when the suit was begun.

Be all this as it may, the court's decree granting relief to complainant will not be reversed. The dismissal of the cross-bill will not be reversed, but so modified as to be without prejudice to the right of Wesley W. Thomas or Mrs. Ella A. Thomas to interpose a claim to the net proceeds decreed to respondents or either of them, or to any portion of such proceeds because of taxes and other outlays for the common benefit of the Toadvin interests in the property.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.