160 So. 342

**ALEXANDER et al. v. LANDERS et al.**

8 Div. 604.

Supreme Court of Alabama.
March 21, 1935.

Eyster & Eyster and Bryan McAfee, all of Decatur, and H. A. Entrekin, of Moulton, for appellants.

A. J. Harris, E. W. Godbey, and Norman Harris, all of Decatur, for appellees.

**FOSTER, Justice.**

This is a suit in equity under section 9334, Code, by some of the tenants in common against others to sell certain described land for division. The bill makes the appellants parties, alleging that the Alexanders, some of the appellants, are in possession of the land claiming it—claim the fee-simple title. But the facts stated show that they and the appellant Federal Land Bank claim it only through

See, also, 227 Ala. 241, 149 So. 669.

a life tenant, who died prior to the institution of this suit, and that they have no title or right to it, but assert some right, title, or interest.

■ The argument made by appellants is that section 9334, Code, should not be so construed as to justify a proceeding to sell land for division to be substituted for an action of ejectment against an adverse claimant, who is not one of the joint owners, nor one who claims in privity with them. But we are committed to a different interpretation of the statute, and it is now stare decisis. Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Thomas v. Skeggs, 218 Ala. 562, 119 So. 610; Thomas v. Skeggs, 223 Ala. 598, 137 So. 443; section 6635, Code.

■ In a bill such as this, it is not necessary to set out the source of the title relied on by the tenants in common nor describe the manner in which they or their ancestor acquired it. Foster v. Ballentine, 126 Ala. 393, 28 So. 529, 530; Richardson v. Powell, 199 Ala. 275, 74 So. 364.

■ This is a second appeal in this suit. 227 Ala. 241, 149 So. 669. Appellee moves to dismiss the appeal for that reason under section 6080, Code.

After the cause was remanded, the bill was amended so as to set out the nature of the claim of the Alexanders and Federal Land Bank and to allege that it terminated before the suit was filed, and that they were in possession claiming the fee-simple title. The original bill did not allege or show by its averments that the Alexanders were in the possession of the land in hostility to the claims of the alleged tenants in common. As thus presented, the equity of the bill was not upheld by this court on former appeal. It does not come within the interpretation which we have given that Code section. Thomasson v. Benson Hardware Co., 224 Ala. 11, 138 So. 287; Shields v. Hightower, 216 Ala. 224, 112 So. 834; Alabama Water Service Co. v. Anniston, 217 Ala. 271, 116 So. 124; Allen v. Young, 218 Ala. 82, 117 So. 641; Brasher v. Grayson, 219 Ala. 631, 122 So. 881.

The motion to dismiss is overruled. The decree overruling demurrers to the bill as amended is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.