193 So. 131

**FIRST NAT. BANK OF OPP et al. v. WISE et al.**

**4 Div. 104.**

Supreme Court of Alabama.

Dec. 7, 1939.

Rehearing Denied Jan. 25, 1940.

Mulkey & Mulkey, of Geneva, and Rowe & Rowe, of Elba, for appellants First Nat. Bank of Opp and others.

B. W. Smith, of Bascom, for appellant Federal Land Bank of New Orleans.

692

Powell & Fuller, of Andalusia, for appellees.

**THOMAS, Justice.**

The submission was on motion to dismiss the appeal and on the merits.

The grounds of the motion were that this was the second appeal in this case from a decree overruling demurrers to the bill. The first appeal was affirmed by this court. First Nat. Bank of Opp v. Wise, 235 Ala. 124, 177 So. 636.

It is provided by statute that when the equity of a bill has been tested and upheld by this court, on appeal from such interlocutory order, no other appeal can be taken from any subsequent interlocutory order, but that such last ruling may be reviewed by this court on appeal from final judgment or decree. Code of 1923, § 6080.

 This court has declared of the statute that when the equity of a bill has been upheld by this court, any other appeal from interlocutory order is forbidden. Allen v. Young, 218 Ala. 82, 117 So. 641; Thomas v. Skeggs, 218 Ala. 562, 119 So. 610; Alabama Water Service Co. v. City of Anniston, 217 Ala. 271, 116 So. 124.

In the last cited case the observation was made that the first appeal involved the enforcement of a different contract from that sought to be enforced in the second appeal. Hence the first appeal did not settle the same equities involved in the second appeal, and the statute did not forbid the last appeal.

To like effect are Brasher v. Grayson, 219 Ala. 631, 122 So. 881, and Alexander et al. v. Landers et al., 230 Ala. 167, 160 So. 342. In the Alexander case, supra, Mr. Justice Foster for the court observed that, in the original bill it was not alleged that the Alexanders were in possession of the land in hostility to the claims of the alleged tenants in common, and as the bill was thus materially amended, presenting a new status, it did not come within the inhibition and interpretation given to Section 6080, Code of 1923, citing some of the decisions we have heretofore noted.

It will be observed that this last cited decision cited Shields v. Hightower, 216 Ala. 224, 112 So. 834, wherein it was held that the right of an appeal from an interlocutory decree was wholly statutory, and that when the substantial equity of the bill is upheld on appeal from decree on demurrer, no further appeal can be prosecuted from a later interlocutory decree on demurrer to the bill, including decree on demurrer raising new objections to original bill and demurrer to amended bill whether relating to existing or new matter. When the pleading is looked to in the Shields case, supra, however, the equity of the cross bill was not changed by the amendment, yet the "new matter" introduced touched the equity as originally decided. The Shields case, supra, was not considered in the Alexander case, supra, as contrary to the rule announced.

There are material additions in the amendment to the substance contained in the original bill and equities not covered by the first appeal to warrant the denial of motion to dismiss the appeal. It is alleged in paragraph 15 et seq., of said pleading, that Mr. Wise obtained a loan from the Federal Land Bank on the lands described in the bill; that the debt was unpaid; and that this was a first or prior mortgage to that given the Bank of Opp; that the instant bank took possession of the lands under its foreclosure, had an agreement with the Federal Land Bank whereby the latter materially extended the installment payments stipulated in its mortgage, and that this agreement is peculiarly within the knowledge of the Bank of Opp and unknown to complainants. However, there was no departure from the original pleading in the presenting by amendment new matters and parties affecting the whole title to the real and personal property.

It is averred that the Bank of Opp turned over to the Federal Land Bank a portion of the crops raised on the land less operating expenses, that this was done from year to year under the bank's operation of the land; that rents, incomes and profits therefrom during the year 1931 and thereafter were under the terms of this agreement between the two banks on this and other phases of the case on which accounting after discovery was necessary.

It is alleged that during the years 1934 and 1935, under agreement between the two banks, the Federal Land Bank proceeded to sell the property under the power of sale contained in its mortgage, without the knowledge or consent of complainants, and that the lands were sold for a sum greatly less than its reasonable market value at that time. There are material averments as to the seizure and conversion of valuable personal properties extinguishing or materially affecting the debt evidenced by the mortgage and foreclosure. Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; Marsh v. Elba Bank & Trust Co., 207 Ala. 553, 93 So. 604; Davis v. Elba Bank & Trust Co., 216 Ala. 632, 114 So. 211; and as to inadequacy of price on foreclosure, see Hayden v. Smith, 216 Ala. 428, 113 So. 293.

It is further alleged that complainant had no knowledge of this foreclosure, that within thirty days thereof the Federal Land Bank executed its deed to I. S. Wright, one of the respondents added by the amendment, conveying the lands for a sum in excess of the bid of the Federal Land Bank at foreclosure sale. It is further alleged that the balance of the debt due by mortgagor Wise was assigned to said Wright as a part of the transaction, and that thereafter, on to-wit, December 29, 1937, Wright executed to respondent C. R. Boutwell his deed to the land, which conveyance is exhibited.

It is further alleged that on the same date Boutwell executed a mortgage securing the purchase price payable in many installments to the said Wright; that Boutwell is and was a tenant for the bank; was in possession of the land at the time this deed was made; was heavily indebted to the bank to which he executed a mortgage and gave as security therefor certain personal property described.

It is further alleged that the possession of the property never changed hands under the several transactions from foreclosure of the Federal Land Bank, its sale to I. S. Wright and thereafter by the latter to Boutwell, but that the bank continued to supervise the operation of such lands by and through its agent, one Sellers, and its tenant, Boutwell. Ivy v. Hood, 202 Ala. 121, 79 So. 587.

The 17th paragraph of the amended bill charges a confederacy between The First National Bank of Opp, Wright and Boutwell to bring about a foreclosure of the Federal Land Bank's mortgage, in that the respondents Wright and Boutwell conspired with and abetted the First National Bank of Opp in the prevention of redemption of said mortgaged properties by complainants from the foreclosure sale, averred to be fraudulent and void, by the First National Bank of Opp; that this action was designed by the parties pursuant to the confederacy alleged to defraud complainants in the cause, and to deprive them of an accounting for rents and profits which the respondent, the First National Bank of Opp, had derived from the mortgaged properties by Mr. Wise.

The foregoing will illustrate the material matter thus brought in by the amended pleading when aided by paragraphs 18, 19, 20 and 23 and the prayer of amended bill, and the importance of a hearing on the facts by the parties last made respondents by the amendment and the necessity to bring the whole title before the court and to afford the right of due process thereto.

When the several material amendments contained in the instant pleading are considered, the addition of other respondents against whom relief is sought, and the appeal being prosecuted and errors assigned by The First National Bank of Opp, the Federal Land Bank of New Orleans, challenging the action of the trial court in overruling said several and respective demurrers by the respective parties appellant, the motion to dismiss the second appeal in this cause under the statute, is not well taken. Further, the amendments and the introduction of the new parties respondent challenging the action of such respondents as to the lands, the interrogatories directed to the Federal Land Bank of New Orleans, I. S. Wright and C. R. Boutwell, parties in interest after the foreclosure sale by Federal Land Bank, eliminate this appeal from the inhibitions of the statute, and the motion to dismiss is hereby overruled.

Thus we are brought to a consideration of the respective rulings on the demurrer to the bill of complaint as amended and assignments of error presented by and on this second appeal.

When the averments of the amended bill are considered, viz, that in Sections 8, 9, 10, 11, when taken in connection with 12, 13, 14 and 16 particularly, and the confederacy charged in 17, 18 and 19, a case within the former decision is presented. That is to say, such is the effect of charging the irregular foreclosure, the overcoming of any presumption of ratification on the presentation of the right to discovery and accounting and for redemption by the parties complainant, some of whom are minors.

We are of opinion that no error of the trial court was committed in overruling demurrer from one to six, inclusive, challenging the equity, or the grounds assigned as to alleged misjoinder of parties, viz, 7, 8, 9 and 10, or that touching the subject matter for respective relief sought as to the parties touching the one subject-matter, and challenged by grounds of demurrer numbered 9, 10, 11 bringing the parties and title before the court.

A court of equity has the power, under due pleading, to consider the evidence warranting the same, to mold its decree as that justice may be done in the premises between the respective parties touching the common subject-matter.

Such is the instant pleading, parties and relief sought.

The decree of the trial court of date of May 29, 1939, from which appeal is taken, is affirmed.

Affirmed.

BOULDIN, BROWN, and FOSTER, JJ., concur.