35 So.2d 342

### SICARD et al. v. INGALLS.
#### 6 Div. 598–599.

Supreme Court of Alabama.
May 13, 1948.

586

Boutwell, Pointer & Hawkins, of Birmingham, for appellant Sicard.

Hiram Dodd, of Birmingham, for appellant Dickey.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

LIVINGSTON, Justice.

This is a second appeal in this cause.— Elmore v. Ingalls, 245 Ala. 481, 17 So.2d 674.

After the cause was remanded, the bill was amended by adding appellants Paul Sicard, C. E. Dickey, and others, as additional parties respondent. On former appeal the bill of complaint, omitting its formal parts and prayer for relief, was set out in the opinion rendered by this Court, where we held that the bill was not subject to the demurrer interposed. By reference to that opinion the amendments made after the cause was remanded can be readily understood.

The bill was amended so as to charge these appellants (Sicard and Dickey) as among those "whose operations each contributed directly and proximately to the damage of complainant's property and to the damage of complainant as hereinafter shown." Each of them is there described as being engaged in the mining and production of coal in the water shed above complainant's property.

Paragraph seven of the original bill was amended by substituting the words "operating respondents" wherever the words "re-spondent or respondents" appeared. While other respondents were added and designated as "landowning respondents," who may have merely permitted others to pollute the stream, appellants Sicard and Dickey are both charged with operating mines (Sicard on his own property), and thereby directly contributing to the pollution of the stream. We are not here concerned with the other respondents.

The bill was further amended by adding paragraph seven and one-half, which reads as follows:

"That the landowning respondents have themselves operated mines on their own property or have contracted by lease or otherwise with other persons to operate mines on their lands aforesaid, and in and about said operations and as a direct and proximate consequence thereof, all the injuries and damages are inflicted on complainant's land and on complainant as are enumerated in paragraphs 7 and 8 of the original bill."

Appellants separately demurred to the bill as amended. Each demurrer was overruled, and respondents Sicard and Dickey appealed. The two appeals were consolidated and submitted to this Court. The appeals were submitted on the merits and appellee's motion to dismiss the appeal.

Appellee's motion to dismiss is grounded on section 756, Title 7, Code, which reads as follows:

"Whenever the equity of a bill, complaint or petition has been, tested and upheld by the supreme court on an appeal from any interlocutory order, judgment, or decree, no other appeal can be taken from any subsequent interlocutory order, judgment or decree; but the rulings of the trial court on any such interlocutory orders, judgments or decrees may be reviewed by the supreme court on appeal from the final judgment or decree."

The right to appeal from an interlocutory decree overruling demurrer to the bill is statutory.

In the case of Shields v. Hightower et al., 216 Ala. 224, 112 So. 834, 835, we said:

"Section 6080 [Code 1940, Tit. 7, § 756] clearly strikes at the evil of repeated appeals from decrees on demurrer to original

or amended bills, a fruitful source of the law's delays. It is in addition to the rule of practice relating to appeals for delay.

"We give full effect to the general terms of the statute. Accordingly, we hold that, when the substantial equity of the bill is upheld on appeal from decree on demurrer, no further appeal can be prosecuted from a later interlocutory decree on demurrer to the bill. This includes a demurrer raising new objections to the original bill and demurrer to amended bill, whether the amendment relates to matters already in the bill or new matter.

"In other words, when it is declared by a decision of this court that the bill of complaint presents a case for equitable relief, either party is entitled to have it litigated without awaiting a decision on another appeal touching matters which may not have been raised on former appeal or have been brought in under our liberal system of amendments. As to all this, the party is protected by assignments of error thereon after final decree, when this Court must consider all questions without regard to the former decision."

In the case of Allen et al. v. Young, 218 Ala. 82, 117 So. 641, this Court held that in accordance with the language of section 756, supra, where an amendment to the bill is in unessential respects, the respondent could not appeal the second time from a decree overruling a demurrer. No new parties were added in that case.

In Thomas v. Skeggs, 218 Ala. 562, 119 So. 610, where the amendment added a new party respondent, and the "amendment injected a new material issue into the controversy," it was held that the new party had a right to take an appeal from the decree overruling his demurrer, despite the fact the original party respondent had already appealed.

Section 756, supra, was held inapplicable in the case of First National Bank of Opp v. Wise, 238 Ala. 686, 193 So. 131, because new parties were added by amendment, and substantially different allegations were made so as to present an additional theory of the case requiring additional prayers for relief.

 In the instant case, the amendment adds new parties; but no new theory of the case is presented. The theory of appellee's right to relief against the added respondents is the same as the original respondent. Appellee seeks injunctive relief and damages against all the respondents, and he alleges that these appellants and the original respondent have polluted the stream in question by their coal mining operations.

Clearly, the equity of the bill as amended was tested on the former appeal. This appeal must be, and is dismissed.

Appeals dismissed in both cases.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.