91 So.2d 817

Joe Wheeler SMITH

v.

Maggie HART.

6 Div. 911.

Supreme Court of Alabama.

Dec. 21, 1956.

Rehearing Denied Jan. 14, 1957.

Corretti & Newsom, Birmingham, for appellant.

Dempsey F. Pennington and Jos. C. Barnard, Birmingham, for appellee.

## 466

SPANN, Justice.

This is the second appeal in this case. Smith v. Hart, 259 Ala. 7, 65 So.2d 501.

On the former appeal the bill of complaint was substantially set out in the opinion rendered by this court, where we held that the bill was not subject to the demurrer interposed. By reference to that opinion and the amendments which we will set out in this opinion, the amended bill can be understood.

The bill was amended after affirmance by this court to include paragraph 6 which states:

"That there had been an understanding and agreement by and between this complainant and respondent Joe Wheeler Smith, prior to negotiations to purchase the property in controversy, that complainant would buy a home and that respondent Joe Wheeler Smith would live with her and would pay all expenses, including their joint support and maintenance."

The bill was further amended to include in the prayer for relief the following:

"That in the event the Court finds, upon a final hearing of this cause, that a material part of the consideration for the execution of the said joint survivorship deed was the promise of future support and maintenance of complainant by the respondent Joe Wheeler Smith, then, in that event, this Honorable Court will set aside and hold for naught said joint survivorship deed."

Appellant, Joe Wheeler Smith, demurred to the bill as amended. Each ground of demurrer was overruled whereupon this appeal was taken. The cause is submitted here on the merits and appellee's motion to dismiss the appeal.

Appellee's motion to dismiss is grounded on Section 756, Title 7, Code 1940, which reads as follows:

"Whenever the equity of a bill, complaint or petition has been tested and upheld by the supreme court on an appeal from an interlocutory order, judgment, or decree, no other appeal can be taken from any subsequent interlocutory order, judgment or decree; but the rulings of the trial court on any such interlocutory orders, judgments or decrees may be reviewed by the supreme court on appeal from the final judgment or decree."

■ The right to appeal from an interlocutory decree overruling demurrer to the bill is statutory.

■ In the case of Shields v. Hightower, 216 Ala. 224, 112 So. 834, 835, we said:

"Section 6080 [Code 1940, Title 7, Section 756] clearly strikes at the evil of repeated appeals from decrees on demurrer to original or amended bills, a fruitful source of the law's delays. It is in addition to the rule of practice relating to appeals for delay.

"We give full effect to the general terms of the statute. Accordingly, we hold that, when the substantial equity of the bill is upheld on appeal from decree on demurrer, no further appeal can be prosecuted from a later interlocutory decree on demurrer to the bill. This includes a demurrer raising new objections to the original bill and demurrer to amended bill, whether the amendment relates to matters already in the bill or new matter.

"In other words, when it is declared by a decision of this court that the bill of complaint presents a case for equitable relief, either party is entitled to have it litigated without awaiting a decision on another appeal touching matters which may not have been raised on former appeal or have been brought in under our liberal system of amendments. As to all this, the party is protected by assignment of errors thereon after final decree, when this

Court must consider all questions without regard to the former decision.

"The equity of the bill is upheld, within the meaning of this statute, when it is held good as to substantial relief sought, although in the same decision some features of the bill are held subject to the demurrer.

" 'A bill' is used in the generic sense, meaning original bill, amended bill, cross-bill, or amended cross-bill, any bill whose equity may be tested by appeal from decree on demurrer under Code § 6079." (Brackets added.)

The rule as stated in the case of Shields v. Hightower, supra, has been followed in the cases of Sicard v. Ingalls, 250 Ala. 585, 35 So.2d 342; Thomasson v. Benson Hardware Co., 224 Ala. 11, 138 So. 287; Brasher v. Grayson, 219 Ala. 631, 122 So. 881; Allen v. Young, 218 Ala. 82, 117 So. 641; Alabama Water Service Co. v. City of Anniston, 217 Ala. 271, 116 So. 124.

■ While the case of Shields v. Hightower, supra, has been followed in most cases, the following decisions hold that a second appeal may be taken from a decree overruling demurrers where the bill is amended to such an extent that the equity of the amended bill was not upheld on the first appeal. First National Bank of Opp v. Wise, 238 Ala. 686, 193 So. 131; Thomas v. Skeggs, 218 Ala. 562, 119 So. 610.

In the case of First National Bank of Opp v. Wise, supra, the original bill was brought by the widow and heirs at law of P. T. Wise against the First National Bank of Opp. The original bill alleged that the deceased (P. T. Wise) had mortgaged certain land and personal property to secure a loan from the respondent; that upon the death of Wise, the respondent foreclosed the mortgages and sold the property without conferring with the complainants; that the value of the property exceeded the indebtedness of Wise to the respondent. The prayer was to set aside the mortgage foreclosure, that complainants

be allowed to redeem certain lands, and that respondent be charged with the reasonable value of certain personal property. After a decree overruling demurrers was affirmed by this court, the bill was amended to add as parties respondent the first mortgagee, Federal Land Bank of New Orleans, and certain other individuals. The amended bill alleged that the first mortgagee (Federal Land Bank of New Orleans) aided the second mortgagee (First National Bank of Opp) in withholding certain property from the complainants. The bill also alleged a conspiracy between the individuals and the second mortgagee. Material averments were likewise made as to the seizure and conversion of the personal property. This court held that an appeal could be taken for the second time from a decree overruling demurrers to the bill.

The case of Thomas v. Skeggs, supra, was a bill for a sale of land for partition. On an appeal from a decree overruling demurrers to the bill, the equity of the bill was upheld. After the first appeal was taken and the cause was affirmed, complainant amended the bill to make W. W. Thomas a party respondent, setting out that he clainmed some title or interest in the land adverse to that of the complainant and sought to quiet the title. This court held that W. W. Thomas had the right to take an appeal from a decree overruling demurrers to the amended bill.

■ The question here presented is whether the bill in the case before us has been amended to such an extent that a second appeal should be allowed from a decree overruling demurrers to the amended bill. We are of the opinion that a second appeal should not be allowed. The amended bill does not add any more parties. The equity of the bill was upheld on the first appeal. Relief sought by the complainant in the alternative under Title 20, Section 15, Code 1940, does not change the equity of the bill in its material aspects so as to bring the bill within the exception to the rule of Shields v. Hightower, supra.

It follows that the motion to dismiss the appeal under Section 756, Title 7, Code 1940, should be, and it is, granted.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.