99 So.2d 214

**Annie Dell CLOUD**

v.

**Barbara Dell GAMBLE.**

**4 Div. 933.**

Supreme Court of Alabama.

Dec. 19, 1957.

J. Hubert Farmer, Dothan, for appellant.

W. G. Hardwick, Dothan, for appellee.

**PER CURIAM.**

This is an appeal by respondent, Mrs. Annie Dell Cloud, from a decree of the circuit court in equity overruling a demurrer to a bill as amended.

There had been a previous appeal to this Court from a decree overruling a demurrer to the bill as then set up. The bill was then rewritten and the demurrer to it was overruled. From this ruling the instant appeal is taken.

There is no motion made in this Court to dismiss this appeal on the ground that its equity was previously tested and upheld on the former appeal, Section 756, Title 7, Code. Cloud v. Gamble, 264 Ala. 270, 86 So.2d 836.

■ If we find that the equity of the bill, as it now appears, was tested and upheld on the former appeal, it is our duty to dismiss the appeal *ex mero motu.* Willingham v. Hood, 242 Ala. 686, 8 So.2d 181. Before reaching the merits of the question presented in argument on this appeal, we must determine if the equity of the bill was tested and upheld in the former appeal. The prayer of the original bill and of the amended bill as rewritten is in the same language, and is as follows:

"Plaintiff further prays that upon a final hearing of this cause, and the evidence in support thereof, that the court will find that there existed between plaintiff and defendant a relationship of trust and confidence, and that the defendant in whom confidence was reposed failed to make a full disclosure to the plaintiff that the real estate involved in this suit was worth $27,500.-00, which was a material fact within the defendant's knowledge, and that the concealment of this fact constituted fraud; that the court further find that all of the consideration paid by the defendant to the plaintiff has been repaid to the defendant by means of the collection of rents from said real estate; that the defendant by this fraudulent scheme and by the exercise of undue influence over the plaintiff caused her to execute said conveyance and that the plaintiff is entitled to relief.

"The plaintiff further prays that this honorable court make and enter its order, judgment or decree setting aside and vacating deeds conveying said lands to the defendant, and cause title to said real estate to be vested in this plaintiff".

In the original bill it is alleged in substance that complainant was an adopted daughter of respondent. That complainant

owned a storehouse in Dothan. That after she had reached the age of eighteen and was under twenty-one years but married (living separate and apart from her husband), she lived in the home of respondent; that on September 3, 1946 respondent induced complainant to execute a mortgage to a bank in Dothan on said storehouse for $2,000, which amount complainant *received from the bank and paid over to respondent,* and that on October 5, 1946 respondent took said funds and had the mortgage assigned to her. In the amendment, as originally filed, it is not stated that the $2,000 was paid to respondent or that the mortgage was transferred to respondent. But by a later amendment to the bill it is alleged that on October 5, 1946, respondent had the mortgage assigned to her by the bank for which she paid $1820.45.

Both the original and amended bills allege that respondent began foreclosure of the mortgage by advertisement for sale on May 20, 1947. On that day an agreement in writing was entered into whereby respondent could bid an amount which would be the highest bid, but she would not be required to pay complainant more than $10,000, as alleged in the original bill: but $15,000 as alleged in the amended bill. In both bills the allegation is made that the amount so stated was paid to complainant. In both the original and amended bills it is alleged that complainant was induced to make said agreement by fraud on the part of respondent. The charge of fraud is substantially the same in both bills. The effect was an effort to set at naught the said agreement made by complainant as to the foreclosure sale. With the agreement and the foreclosure set aside complainant had her equity of redemption. While she does not specifically pray for an exercise of her equity of redemption she does pray that the court will cause title to said real estate to be vested in her. This could not be done except on a redemption. So that we take both the original and amended bills to seek to enforce the equity of redemption after vacating the foreclosure sale. In neither the original nor amended bills is there an offer to do equity. The demurrer to the original bill did not raise the question of its insufficiency on account of a failure to offer to do equity. It was raised by a demurrer to the rewritten bill as last amended (ground 16). That failure and laches or limitations are alone discussed in appellant's brief on this appeal.

On the former appeal laches or limitations alone was treated by this Court, being the only question then insisted on by appellant.

So we revert to the question previously stated in this opinion, was the equity of the bill as it now appears tested and upheld by this Court on the former appeal as contemplated by section 756, Title 7, Code?

■ On the instant appeal the only questions argued in appellant's brief are (1) the failure to offer to do equity, and (2) laches or limitations. Our authorities support the view that when a demurrer to a bill is overruled and that ruling is upheld on appeal, it upholds the substantial equity of the bill as contemplated by section 756, Title 7, supra, when there are grounds of the demurrer testing the equity of the bill but which were not insisted upon when presented to this Court, although other grounds of the demurrer were insisted on and held not good. We quote the following from Shields v. Hightower, 216 Ala. 224, 112 So. 834, 835:

"We give full effect to the general terms of the statute. Accordingly, we hold that, when the substantial equity of the bill is upheld on appeal from decree on demurrer, no further appeal can be prosecuted from a later interlocutory decree on demurrer to the bill. This includes a demurrer raising new objections to the original bill and demurrer to amended bill, whether the amendment relate to matters already in the bill or new matter."

See, also, Smith v. Hart, 265 Ala. 465, 91 So.2d 817, and cases there cited.

The statute applies to a ruling on demurrer to an amendment to a bill after its equity has been upheld on appeal when the amendment leaves intact the essentials of 'the equity as thus upheld but merely changes some details of averment. We think ·that statement is borne out by the reasoning asserted in Shields v. Hightower, supra.

We think the substantial equity of the bill as it now appears was tested and upheld on the former appeal, and that the instant appeal should be dismissed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.